Ryan P. Steen, OSB No. 034663
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
ryan.steen@stoel.com
Telephone:  206.624.0900
Facsimile:  206.386.7500

Kirk B. Maag, OSB No. 105507
Crystal S. Chase, OSB No. 093104
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
kirk.maag@stoel.com
crystal.chase@stoel.com
Telephone:  503.224.3380
Facsimile:  503.220.2480

Attorneys for Oregon Forest Industries Council

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; CASCADIA WILDLANDS; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; NATIVE FISH SOCIETY, | Case No.: 6:18-cv-01035-JR |
| | OREGON FOREST INDUSTRIES COUNCIL'S **[PROPOSED]** ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Plaintiffs, | |
| v. | |
| PETER DAUGHERTY, in his official capacity as Oregon State Forester; KATHERINE SKINNER, in her official capacity as District Forester for the Tillamook District; MICHAEL | |

CAFFERATA, in his official capacity as
District Forester for the Forest Grove District;
DAN GOODY, in his official capacity as
District Forester for the Astoria District,

               Defendants.

   and

OREGON FOREST INDUSTRIES
COUNCIL, an Oregon nonprofit corporation;

               Intervenor-Defendant.

_____

     Intervenor-Defendant Oregon Forest Industries Council ("OFIC") answers Plaintiffs'

Complaint for Declaratory and Injunctive Relief ("Complaint") as follows.  The section headings

from the Complaint are included herein only for purposes of clarity and organization, and OFIC

does not admit, but rather specifically denies, any factual or legal allegations contained therein.

## <u>INTRODUCTION</u>

     1.     Paragraph 1 characterizes Plaintiffs' Complaint and as such requires no further

response.  To the extent a response is deemed required, OFIC denies.

     2.     OFIC admits that the Oregon Department of Forestry ("ODF") has sold timber

from state forestlands in the Tillamook and Clatsop State Forests.  OFIC denies the remainder of

paragraph 2.

     3.     OFIC lacks sufficient information to form a response to the allegations in

paragraph 3 and therefore denies the same.

     4.     Paragraph 4 characterizes Plaintiffs' Complaint and as such requires no further

response.  To the extent a response is deemed required, OFIC denies.

## JURISDICTION AND VENUE

5.     Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is deemed required, OFIC denies.

6.     On information and belief, OFIC admits that Plaintiffs sent one or more notice letters to one or more of Defendants Peter Daugherty, Katherine Skinner, Michael Cafferata, and Daniel Goody (collectively, "Defendants") or their predecessors.  OFIC lacks information sufficient to form a response to the remaining allegations contained in paragraph 6 and therefore denies the same.

7.     Assuming the Court has jurisdiction to hear this case, OFIC admits that this action is properly venued in this district.

## PARTIES

8.     OFIC lacks sufficient information to form a response to the allegations in paragraph 8 and therefore denies the same.

9.     OFIC lacks sufficient information to form a response to the allegations in paragraph 9 and therefore denies the same.

10.     OFIC lacks sufficient information to form a response to the allegations in paragraph 10 and therefore denies the same.

11.     OFIC lacks sufficient information to form a response to the allegations in paragraph 11 and therefore denies the same.

12.     OFIC lacks sufficient information to form a response to the allegations in paragraph 12 and therefore denies the same.

13.    OFIC admits the first sentence of paragraph 13.  OFIC lacks sufficient
information to form a response to the remaining allegations in paragraph 13 and therefore denies
the same.

14.    OFIC admits the first sentence of paragraph 14.  OFIC lacks sufficient
information to form a response to the remaining allegations in paragraph 14 and therefore denies
the same.

15.    OFIC admits the first sentence of paragraph 15.  OFIC lacks sufficient
information to form a response to the remaining allegations in paragraph 15 and therefore denies
the same.

16.    OFIC admits the first sentence of paragraph 16.  OFIC lacks sufficient
information to form a response to the remaining allegations in paragraph 16 and therefore denies
the same.

## LEGAL BACKGROUND

**I.    THE ENDANGERED SPECIES ACT PROHIBITS ANY PERSON FROM CAUSING INCIDENTAL TAKE OF OREGON COAST COHO SALMON WITHOUT AN INCIDENTAL TAKE PERMIT.**

17.    Paragraph 17 sets forth legal conclusions to which no response is required.  To the
extent a response is deemed required, OFIC denies.

18.    Paragraph 18 sets forth legal conclusions to which no response is required.  To the
extent a response is deemed required, OFIC denies.

A.    The Listing Process

19.    Paragraph 19 sets forth legal conclusions to which no response is required.  To the
extent a response is deemed required, OFIC denies.

20.     Paragraph 20 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

21.     Paragraph 21 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

22.     Paragraph 22 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

23.     Paragraph 23 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

24.     Paragraph 24 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

B.      The ESA's Substantive Legal Protections Including the Take Prohibition

25.     Paragraph 25 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

26.     Paragraph 26 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

27.     Paragraph 27 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

28.     Paragraph 28 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

29.     Paragraph 29 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

30.     Paragraph 30 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

31.     Paragraph 31 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

## FACTUAL BACKGROUND

## II.     OREGON COAST COHO SALMON

32.     OFIC admits that coho salmon are anadromous fish in the salmon family that occur in certain areas of the Pacific Ocean and related freshwaters, and are also called "silver salmon."  OFIC lacks sufficient information to form a response to the remaining allegations of paragraph 32 and therefore denies the same.

33.     OFIC lacks sufficient information to form a response to paragraph 33 and therefore denies the same.

34.     OFIC lacks sufficient information to form a response to paragraph 34 and therefore denies the same.

35.     OFIC lacks sufficient information to form a response to paragraph 35 and therefore denies the same.

36.     OFIC lacks sufficient information to form a response to paragraph 36 and therefore denies the same.

37.     OFIC lacks sufficient information to form a response to paragraph 37 and therefore denies the same.

38.     Paragraph 38 characterizes the National Marine Fisheries Service's ("NMFS") listing decision, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

39.     OFIC lacks sufficient information to form a response to paragraph 39 and therefore denies the same.

40.      OFIC lacks sufficient information to form a response to paragraph 40 and therefore denies the same and otherwise avers that NMFS's listing decisions speak for themselves, are the best evidence of their content, and require no further response.

41.      Paragraph 41 characterizes NMFS's listing decisions, which speak for themselves, are the best evidence of their content, and require no further response. To the extent a response is deemed required, OFIC denies.

42.      Paragraph 42 sets forth legal conclusions to which no response is required and otherwise characterizes NMFS's listing decisions, which speak for themselves, are the best evidence of their content, and require no further response. To the extent a response is deemed required, OFIC denies.

## III.   THE TILLAMOOK AND CLATSOP STATE FORESTS

A.      <u>Tillamook State Forest</u>

43.      OFIC admits on information and belief that Tillamook State Forest is 364,000 acres and was established in 1973. OFIC lacks sufficient information to form a response to the remainder of paragraph 43 and therefore denies the same.

44.      OFIC lacks sufficient information to form a response to paragraph 44 and therefore denies the same.

45.      OFIC lacks sufficient information to form a response to paragraph 45 and therefore denies the same.

46.      OFIC admits on information and belief that the Wilson, Trask, Miami, Kilchis, Nehalem, Nestucca, and Little Nestucca Rivers flow through Tillamook State Forest; that the Wilson, Trask, Miami, and Kilchis Rivers flow into Tillamook Bay; that the Nehalem River flows into the Pacific Ocean; and that the Nestucca and Little Nestucca Rivers flow into

Nestucca Bay.  The remainder of paragraph 46 characterizes NMFS's critical-habitat designation and listing decision, which speak for themselves, are the best evidence of their content, and require no further response.  To the extent a response is deemed required, OFIC denies.

47.    OFIC admits that each forest district develops an implementation plan and annual operations plan.  OFIC lacks sufficient information to form a response to the remainder of paragraph 47 and therefore denies the same.

B.    <u>Clatsop State Forest</u>

48.    OFIC admits on information and belief that the Clatsop State Forest was established in 1973.  OFIC lacks sufficient information to form a response to the remainder of paragraph 48 and therefore denies the same.

49.    OFIC lacks sufficient information to form a response to paragraph 49 and therefore denies the same.

50.    OFIC admits on information and belief that the Nehalem, North Fork Nehalem, and Necanicum Rivers and certain tributaries flow through Clatsop State Forest.  The remainder of paragraph 50 characterizes NMFS's critical-habitat designation, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

51.    OFIC admits that each forest district develops implementation and annual operations plans.  OFIC lacks sufficient information to form a response to the remainder of paragraph 51 and therefore denies the same.

III.[1]    **LOGGING AND ROAD CONSTRUCTION IN THE OREGON COAST RANGE HAVE CONTRIBUTED TO THE DECLINE OF OREGON COAST COHO SALMON**

52.    Paragraph 52 characterizes NMFS's listing decisions, which speak for themselves, are the best evidence of their content, and require no further response.  To the extent a response is deemed required, OFIC denies.

53.    Paragraph 53 characterizes NMFS's listing decision, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

54.    OFIC lacks sufficient information to form a response to the first sentence in paragraph 54 and therefore denies the same.  The remainder of paragraph 54 characterizes NMFS's December 2016 Recovery Plan (as defined in paragraph 63), which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

55.    The first sentence of paragraph 55 characterizes NMFS's proposed listing decision, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.  The remainder of paragraph 55 characterizes the State of Washington's 2006 Habitat Conservation Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

56.    Paragraph 56 characterizes NMFS's listing decision, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

[1] Plaintiffs' Complaint contains two sections that begin with III.

57.     Paragraph 57 characterizes NMFS listing decisions, which speak for themselves, are the best evidence of their content, and require no further response.  To the extent a response is deemed required, OFIC denies.

58.     OFIC lacks sufficient information to form a response to paragraph 58 and therefore denies the same.

59.     OFIC lacks sufficient information to form a response to paragraph 59 and therefore denies the same.

60.     OFIC lacks sufficient information to form a response to paragraph 60 and therefore denies the same.

61.     OFIC admits that in 2010, ODF adopted a new forest management plan ("2010 Forest Management Plan").  The remainder of paragraph 61 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

62.     Paragraph 62 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

63.     OFIC admits that in December 2016 NMFS finalized a recovery plan for the Oregon Coast coho salmon ("December 2016 Recovery Plan").  The remainder of paragraph 63 characterizes NMFS's December 2016 Recovery Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

64.    Paragraph 64 characterizes NMFS's December 2016 Recovery Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

## IV.    OREGON'S REGULATORY AND STATUTORY SCHEME FOR AUTHORIZING LOGGING AND ROAD BUILDING AND MAINTENANCE OPERATIONS ON THE TILLAMOOK AND CLATSOP STATE FORESTS

65.    Paragraph 65 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

### A.    The Oregon Forest Practices Act

66.    OFIC admits that the Oregon Forest Practices Act was enacted by the Oregon legislature in 1971.  The remainder of paragraph 66 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

67.    OFIC admits that the Oregon State Board of Forestry (the "Board") has promulgated implementing regulations under the Oregon Forest Practices Act (hereinafter "Forest Practice Regulations").  The remainder of paragraph 67 characterizes the Board's Forest Practice Regulations, which speak for themselves, are the best evidence of their content, and require no further response.  To the extent a response is deemed required, OFIC denies.

68.    OFIC admits that the rules contained within Chapter 629, Division 035 of the Oregon Administrative Rules are part of a state statutory and regulatory scheme to manage Oregon state forests.  OFIC also admits that state forests, including Tillamook and Clatsop, are regulated in part pursuant to standards and guidelines set forth in forest management, implementation, and annual operations plans.  OFIC denies the remaining allegations in paragraph 68.

B.    The Forest Practice Regulations

69.    Paragraph 69 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

70.    Paragraph 70 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

71.    Paragraph 71 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

72.    OFIC denies the first sentence in paragraph 72.  The remainder of paragraph 72 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

73.    Paragraph 73 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

74.    Paragraph 74 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

75.    Paragraph 75 characterizes the Board's Forest Practice Regulations, which speak for themselves, are the best evidence of their content, and require no further response.  To the extent a response is deemed required, OFIC denies.

C.    Forest Management Planning

76.    Paragraph 76 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

77.    Paragraph 77 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

78.    Paragraph 78 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

79.    Paragraph 79 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, OFIC denies.

80.    OFIC lacks sufficient information to form a response to paragraph 80 (and the accompanying Table 1) and therefore denies the same.

81.    Paragraph 81 characterizes NMFS's listing decision, which speaks for itself, is the best evidence of its content, and requires no further responses.  To the extent a response is deemed required, OFIC denies.

## V.    DEFENDANTS' LOGGING AND ROAD-CONSTRUCTION AND OTHER PRACTICES TAKE COHO SALMON IN THE TILLAMOOK AND CLATSOP STATE FORESTS AND DO NOT AVOID OR MINIMIZE SUCH ADVERSE EFFECTS

82.    OFIC lacks sufficient information to form a response to paragraph 82 and therefore denies the same.

83.    OFIC lacks sufficient information to form a response to paragraph 83 and therefore denies the same.

84.    OFIC denies the allegations in paragraph 84.

85.    OFIC denies that ODF has historically emphasized timber production.  OFIC lacks sufficient information to form a response to the remainder of paragraph 85 and therefore denies the same.

### A.    The 2001 Forest Management Plan

86.    OFIC admits on information and belief the allegations in paragraph 86.

87.     Paragraph 87 characterizes the 2001 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

88.     Paragraph 88 characterizes the 2001 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

89.     Paragraph 89 characterizes the 2001 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

90.     OFIC lacks sufficient information to form a response to paragraph 90 and therefore denies the same.

91.     OFIC lacks sufficient information to form a response to the first and last sentences in paragraph 91 and therefore denies the same.  The remainder of paragraph 91 characterizes the 2003 amendment to the 2001 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

92.     Paragraph 92 characterizes NMFS's listing decision, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

93.     OFIC lacks sufficient information to form a response to paragraph 93 and therefore denies the same.

B.    The 2010 Forest Management Plan

94.    OFIC admits that in 2010 ODF and the Board issued the 2010 Forest Management Plan.  The remainder of paragraph 94 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response. To the extent a response is deemed required, OFIC denies.

95.    Paragraph 95 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

96.    Paragraph 96 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

97.    Paragraph 97 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response.  To the extent a response is deemed required, OFIC denies.

98.    The first sentence of paragraph 98 characterizes the 2010 Forest Management Plan, which speaks for itself, is the best evidence of its content, and requires no further response. To the extent a response is deemed required, OFIC denies.  OFIC denies the allegations in the remainder of paragraph 98.

99.    OFIC lacks sufficient information to form a response to paragraph 99 and therefore denies the same.

100.    OFIC lacks sufficient information to form a response to paragraph 100 and therefore denies the same.

101.    OFIC lacks sufficient information to form a response to paragraph 101 and therefore denies the same.

102.    OFIC lacks sufficient information to form a response to paragraph 102 and therefore denies the same.

**VI.    INCREASED LANDSLIDES, SEDIMENTATION, AND REDUCED LARGE WOODY DEBRIS FROM LOGGING AND ROADS AUTHORIZED BY DEFENDANTS IN THE TILLAMOOK AND CLATSOP STATE FORESTS CAUSE DEATH, INJURY, AND HARASSMENT TO COHO AND SIGNIFICANTLY DEGRADE COHO HABITAT**

103.    OFIC admits that ODF, the State Forester, and district foresters plan and issue timber sales on the Tillamook and Clatsop State Forests pursuant to the Oregon Forest Practices Act, its implementing regulations, and forest management and any other legally required plans. The remaining allegations of paragraph 103 are vague and ambiguous, and OFIC denies the same.

104.    OFIC lacks sufficient information to form a response to paragraph 104 and therefore denies the same.

105.    OFIC lacks sufficient information to form a response to paragraph 105 and therefore denies the same.

106.    OFIC admits on information and belief that the State Forester and district foresters maintain road networks within the Tillamook and Clatsop State Forests.  OFIC lacks sufficient information to form a response to the remainder of paragraph 106 and therefore denies the same.

107.    OFIC lacks sufficient information to form a response to paragraph 107 and therefore denies the same.

108.    OFIC lacks sufficient information to form a response to paragraph 108 and therefore denies the same.

109.    OFIC lacks sufficient information to form a response to paragraph 109 and therefore denies the same.

110.    OFIC lacks sufficient information to form a response to paragraph 110 and therefore denies the same.

111.    OFIC admits on information and belief that the Oregon Department of Geology and Mineral Industries maintains a database known as the "Statewide Landslide Information Database for Oregon," or "SLIDO," which compiles landslides in Oregon that have been identified on published maps.  OFIC lacks sufficient information to form a response to the remainder of paragraph 111 and therefore denies the same.

112.    OFIC lacks sufficient information to form a response to paragraph 112 and therefore denies the same.

113.    OFIC lacks sufficient information to form a response to paragraph 113 and therefore denies the same.

114.    OFIC denies the allegations in paragraph 114.

115.    OFIC denies that timber sales or the use of haul routes has led to increased delivery of harmful fine sediments to coho-bearing streams.  OFIC lacks sufficient information to respond to the remainder of paragraph 115 and therefore denies the same.

116.    OFIC denies the allegations of paragraph 116 on the basis that they are vague and ambiguous.  OFIC denies that a "take" of coho salmon has occurred and otherwise denies the remaining allegations in paragraph 116.

117.    OFIC denies the allegations of paragraph 117 on the basis that they are vague and ambiguous.  OFIC denies that a "take" of coho salmon has occurred and otherwise denies the remaining allegations in paragraph 117.

118.    OFIC denies the allegations of paragraph 118 on the basis that they are vague and ambiguous.  OFIC denies that a "take" of coho salmon has occurred and otherwise denies the remaining allegations in paragraph 118.

119.    OFIC denies the allegations in paragraph 119.

120.    OFIC lacks sufficient information to form a response to paragraph 120 and therefore denies the same.

121.    OFIC denies the allegations in paragraph 121.

122.    OFIC denies the allegations in paragraph 122.

## CLAIM FOR RELIEF

123.    OFIC restates, realleges, and incorporates its responses to paragraphs 1 through 122.

124.    OFIC lacks sufficient information to form a response to paragraph 124 and therefore denies the same. OFIC further avers that paragraph 124 is vague and ambiguous.

125.    OFIC lacks sufficient information to form a response to paragraph 125 and therefore denies the same. OFIC further avers that paragraph 125 is vague and ambiguous.

126.    OFIC denies the first sentence of paragraph 126.  OFIC lacks sufficient information to form a response to the remainder of paragraph 126 and therefore denies the same.

127.    OFIC denies the allegations in paragraph 127.

128.    OFIC denies the allegations in paragraph 128.

129.    OFIC denies the allegations in paragraph 129.

130.    OFIC denies the allegations in paragraph 130.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing to bring this suit.

3.    The case should be dismissed as non-justiciable.

4.    Plaintiffs are barred from relief under the doctrine of laches and/or estoppel.

5.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6.    Plaintiffs' claims should be stayed for prudential reasons.

## PRAYER FOR RELIEF

WHEREFORE, OFIC, having fully answered the allegations contained in Plaintiffs' Complaint, respectfully requests that this Court

1.    Enter a judgment dismissing the Complaint with prejudice; and

2.    Award such other and further relief as may be just and warranted.

DATED: _____, 2018.

STOEL RIVES LLP


_____
RYAN P. STEEN, OSB No. 034663
KIRK B. MAAG, OSB No. 105507
CRYSTAL S. CHASE, OSB No. 093104

Attorneys for Oregon Forest Industries Council