Ryan P. Steen, OSB No. 034663
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
ryan.steen@stoel.com
Telephone: 206.624.0900

Kirk B. Maag, OSB No. 105507
Crystal S. Chase, OSB No. 093104
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
kirk.maag@stoel.com
crystal.chase@stoel.com
Telephone:  503.224.3380
Attorneys for Oregon Forest Industries Council

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; CASCADIA WILDLANDS; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; NATIVE FISH SOCIETY, <br><br>                    Plaintiffs, <br>           v. <br> PETER DAUGHERTY, in his official capacity as Oregon State Forester; KATHERINE SKINNER, in her official capacity as District Forester for the Tillamook District; MICHAEL CAFFERATA, in his official capacity as District Forester for the Forest Grove District; DAN GOODY, in his official capacity as District Forester for the Astoria District, <br><br>                    Defendants <br> and <br><br> OREGON FOREST INDUSTRIES COUNCIL, an Oregon nonprofit corporation, <br>                    Intervenor-Defendant. | Case No.: 3:18-cv-01035-MO <br><br> OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN DEFENDANTS' RULE 12 MOTIONS <br><br> **Oral Argument Requested** |

Page 1   -   OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN
              DEFENDANTS' RULE 12 MOTIONS

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for the Oregon Forest Industries Council (OFIC) participated in a telephone conferral on August 14, 2018 with counsel for plaintiffs (collectively, "CBD" or "Plaintiffs") and counsel for the named defendants (the "State") regarding the bases for the State's motion, but the parties were unable to resolve their dispute.

## JOINDER

OFIC hereby joins the Rule 12 Motions and Memorandum in Support ("Rule 12 Motion") filed by the State this same date (Dkt. #22). Specifically, OFIC agrees with and adopts the legal arguments made in the Rule 12 Motion. OFIC also acknowledges that, for the purpose of deciding this motion, the Court must assume all facts alleged in CBD's Complaint (Dkt. #1) are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct 1937 (2009). However, the facts relevant to the resolution of this case will be developed during discovery. OFIC disputes most of the allegations in the Complaint and anticipates that CBD will be unable to prove many of the facts alleged therein.

## DISCUSSION

Because the Rule 12 Motion accurately identifies the reasons why portions of the Complaint should be dismissed or, in the alternative, why certain allegations should be stricken and others should be made more definite and certain, OFIC files this joinder to avoid duplicative briefing on those issues.[1]

In addition, OFIC provides the following points and authorities to support the State's argument regarding the unviability of CBD's request that this Court enjoin the State "from engaging in the activities that are violating the ESA's take prohibition *until and unless*

---

[1] OFIC reserves the right to reply separately to any opposition filed by CBD.

Page 2  -  OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN
            DEFENDANTS' RULE 12 MOTIONS

98120688.1 0056896- 00031

*Defendants obtain an HCP/ITP pursuant to an enforceable timeline*." Dkt. #1 at 34 (emphasis added). As Section 4.D of the State's Rule 12 Motion explains, the ESA imposes no obligation on non-federal entities, such as the State of Oregon, to obtain an incidental take permit (ITP). *Loggerhead Turtle v. County Council of Volusia County*, 92 F. Supp. 2d 1296, 1308 (M.D. Fla. 2000) ("The [ESA] requires no affirmative conservation action by states or local governments."). Should CBD prevail on the merits of its claims, it is not entitled to an order that imposes such an obligation on the State.

CBD's requested relief mischaracterizes the purpose and function of ITPs. Section 10(a) of the ESA authorizes the Secretary of Commerce to permit, under an ITP, "any taking otherwise prohibited by [Section 9] if such taking is incidental to, and not the purpose of, the carrying out of an otherwise lawful activity." 16 U.S.C. § 1539(a)(1)(B). Congress added the ITP provision to the ESA in 1982, and the conference report associated with that legislation makes clear that Congress added the provision to "address[] the concerns of private [*i.e.*, non-federal] landowners who are faced with having otherwise lawful actions not requiring federal permits prevented by section 9 prohibitions against taking." H.R. Conf. Rep. No. 97-835, at 29 (1982), *as reprinted in* 1982 U.S.C.C.A.N. 2860, 2870. That is, the purpose of the legislation was to provide non-federal entities more options to comply with the ESA—*not* to impose additional burdens on those entities.

Whether to apply for an ITP is a *voluntary* decision made by a non-federal entity.[2] *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir. 2000) ("pursuing an ITP is not mandatory and a party can choose whether to proceed with the permitting process"); *Forest*

---

[2] CBD's request that this Court order State to "obtain" a habitat conservation plan (HCP) further reflects CBD's misunderstanding of the ESA Section 10 permitting process. An applicant for an ITP does not obtain an HCP. Rather, an applicant must *prepare and submit* an HCP as a prerequisite to obtaining an ITP. *See* 16 U.S.C. § 1539(a)(2)(A).

Page 3   -   OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN
              DEFENDANTS' RULE 12 MOTIONS

*Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 783 (9th Cir. 1995) ("applying for an incidental take permit is not mandatory"); U.S. Fish and Wildlife Serv. & Nat'l Marine Fisheries Serv., Habitat Conservation Planning and Incidental Take Permit Processing Handbook, at 3-2 (2016) ("seeking an incidental take permit is a voluntary action"). If the entity proceeds without an ITP, the entity risks penalties under the ESA if take results from its actions. *See* 16 U.S.C. § 1540; *Defenders*, 204 F.3d at 927 (holding that the district court did not err in refusing to order a defendant to seek an ITP).

      CBD's requested relief suggests that an ITP is the only strategy the State could pursue to comply with the ESA if CBD is successful in proving all of the elements of its asserted claims. However, in that event, the State would have at least three options (or some combination thereof). First, the State could simply cease all actions proven to likely cause imminent take of coho salmon, as identified in a court order. Second, the State could modify any actions proven to likely cause imminent take of coho salmon such that future take is avoided (*i.e.*, implement a modified take avoidance strategy). Third, the State could voluntarily seek an ITP on a timeline of its choosing. CBD's requested relief would improperly have this Court *impose* the third option on the State.

      Moreover, CBD's requested relief would inappropriately obligate the State to do more than avoid take of coho, which is the State's *only* affirmative obligation under the ESA. Specifically, an ITP would require the State to take measures to "conserve" coho salmon by facilitating the species' survival and recovery. *See Sierra Club v. Babbitt*, 15 F. Supp. 2d 1274, 1278 n.3 (S.D. Ala. 1998) (identifying conservation obligations associated with ITPs); *see also* 16 U.S.C. § 1539(a)(2)(B) (describing findings that must be made in order to approve an HCP). As the State explains in its Rule 12 Motion, the ESA imposes a conservation obligation on

Page 4   -   OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN
                      DEFENDANTS' RULE 12 MOTIONS

federal agencies, but not non-federal entities. *See* 16 U.S.C. § 1536(a)(1). Although a non-federal entity may obligate itself to pursue conservation measures through an HCP, the decision to do so is entirely voluntary. The ESA provides no basis for requiring the State to do more than simply avoid take. And even if the State decided to pursue an ITP, the ESA provides no basis for requiring that ITP to be obtained on any particular timeline. In sum, as requested in the Rule 12 Motion, the Court should strike CBD's request that the State be ordered to obtain an ITP on an enforceable timeline from the prayer for relief.

## CONCLUSION

For the reasons set forth above and in the supporting memorandum filed by the State, OFIC respectfully requests that the Court grant the Rule 12 Motion.

DATED:   August 24, 2018.          STOEL RIVES LLP


                                   *s/ Crystal S. Chase*
                                   RYAN P. STEEN, OSB No. 034663
                                   KIRK B. MAAG, OSB No 105507
                                   CRYSTAL S. CHASE, OSB No. 093104

                                   Attorneys for Intervenor Defendant Oregon Forest Industries Council

Page 5  -   OREGON FOREST INDUSTRIES COUNCIL'S JOINDER IN
            DEFENDANTS' RULE 12 MOTIONS

98120688.1 0056896- 00031