**Jay T. Waldron, OSB #743310**
Email: jwaldron@schwabe.com
**Jessica A. Schuh, OSB #164778**
Email: jschuh@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503-222-9981
Facsimile:  503-796-2900
Attorneys for Intervenor Tillamook County

Hon. Michael Mosman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY; CASCADIA WILDLANDS; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; NATIVE FISH SOCIETY,**<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>**PETER DAUGHERTY**, in his official capacity as Oregon State Forester; **KATHERINE SKINNER**, in her official capacity as District Forester for the Tillamook District; **MICHAEL CAFERATA**, in his official capacity as District Forester for the Forest Grove District; **DANIEL GOODY**, in his official capacity as District Forester for the Astoria District,<br><br>　　　　　　　　Defendants.<br><br>　　and<br><br>**TILLAMOOK COUNTY**,<br><br>　　　　　　　　Intervenor-Defendant. | Case No. 3:18−CV−1035−MO<br><br>TILLAMOOK COUNTY'S JOINDER IN DEFENDANTS' RULE 12 MOTIONS<br><br>Request for Oral Argument |

Page 1 -   TILLAMOOK COUNTY'S JOINDER IN DEFENDANT'S
　　　　　　RULE 12 MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\088579\242637\JSH\23922898.2

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Tillamook County has conferred with counsel for plaintiffs, counsel for the State, and counsel for intervenor Oregon Forest Industries Council ("OFIC") regarding the basis for the State's motion, but the parties were unable to resolve their dispute.

## JOINDER

Tillamook County ("the County") hereby joins the Rule 12 Motions and Memorandum in Support ("Rule 12 Motions") filed by the State on August 24, 2018 (Docket No. 22), and the Oregon Forest Industries Council's Joinder in Defendants' Rule 12 Motions ("OFIC's Joinder"), filed the same day (Docket No. 26), to the extent described below.

## DISCUSSION

The County shares vital and legally protected interests in the State's management and development of forestlands that are the subject of this lawsuit.[1] The County therefore supports the arguments and authorities set out in the State's Rule 12 Motions and OFIC's Joinder to the extent that they: (1) contest plaintiffs' ability to require the State to prepare a habitat conservation plan ("HCP") and obtain an incidental take permit ("ITP"); and (2) seek amendments to the Complaint that will allow the parties to determine the scope of the requested injunction and evaluate plaintiffs' claims without having to wade through immaterial and

---

[1] The State's opening sentence notes that "[t]he Tillamook and Clatsop State Forests are public resources managed to provide social, environmental, and economic benefits for all Oregonians." (Rule 21 Motions, 1). This description, however, fails to account for the "enforceable rights" that Tillamook County has in the State's management of these forestlands. *See Tillamook County v. State of Oregon*, 302 Or. 404, 416, 730 P.2d 1214 (1986).

Page 2 -    TILLAMOOK COUNTY'S JOINDER IN DEFENDANT'S
             RULE 12 MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\088579\242637\JSH\23922898.2

redundant allegations.

1.   **Plaintiffs are not entitled to an order requiring the State to prepare a HCP and obtain an ITP because the State is not required under the Endangered Species Act ("ESA") to engage in the optional process outlined in section 10.**  Rather, the State's only affirmative obligation under the ESA is to avoid "take," as required by section 9. *See* 16 U.S.C. § 1538(a) (protecting endangered species); *id*. § 1533(d) (authorizing the Services to extend the take prohibitions of Section 9 to threatened species by regulation); *id*. § 1532(13) (defining "person"). The State has alternatives for complying with this option. First, the State can opt to modify its conduct to avoid causing a take in the first place. Alternatively, the State can choose to obtain an ITP that permits "incidental" takes, by submitting an HCP that meets certain statutory and regulatory conservation requirements. 16 USC § 1539. But the State has no affirmative obligation to proceed with ITP permitting process. *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir. 1999); *Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 783 (9th Cir. 1995).

   In determining how best to avoid potential ESA liability for take, the State must account for the County's "protected, recognizable" interests in the development and management of the forestlands. *See Tillamook County, et al.*, 302 Or. at 416–417; ORS 530.010 to ORS 530.181. If the State determines that modifying its planned activities is the right approach, it must do so in a manner that protects the County's interests in the forestlands. Similarly, if the State opts to obtain an ITP, it must develop a HCP that takes into account the County's protected interest in the management of the forestlands. In either event, there is no basis under the ESA for *requiring* the State to pursue an ITP.

Page 3 -   TILLAMOOK COUNTY'S JOINDER IN DEFENDANT'S RULE 12 MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\088579\242637\JSH\23922898.2

2.      **Plaintiffs should be required to amend and strike the Complaint to allow the parties to determine the scope of the requested injunction and evaluate plaintiffs' claims without the distraction of immaterial, redundant, and impertinent allegations**. For the reasons outlined in the Rule 12 Motions, it is impossible to tell, based on the facts alleged in the Complaint, what specific activity plaintiffs believe is reasonably certain to cause a take or what conduct they seek to enjoin. In addition, and as the State describes in detail, the Complaint contains a number of legal conclusions and factual allegations that have no relevance to claims permitted under the ESA. Plaintiffs should be required pursuant to Federal Rule of Civil Procedure 12(e) and (f) to address these and the other deficiencies outlined in the Rule 12 Motions and OFIC Joinder.

## CONCLUSION

To the extent described above, the County joins in the arguments presented in the State's Rule 12 Motions and OFIC's Joinder. The County therefore respectfully requests that the Court grant the Rule 12 Motions as to the above issues.

Dated this 26th day of September, 2018.

SCHWABE, WILLIAMSON & WYATT, P.C.

 s/ Jessica A. Schuh
Jessica A. Schuh, OSB #164778
Telephone:  503-222-9981
Of Attorneys for Intervenor-Defendant Tillamook County

Page 4 -   TILLAMOOK COUNTY'S JOINDER IN DEFENDANT'S RULE 12 MOTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\088579\242637\JSH\23922898.2