Jay T. Waldron, OSB #743310
Email: jwaldron@schwabe.com
Jessica A. Schuh, OSB #164778
Email: jschuh@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900
Attorneys for Intervenor-Defendant Tillamook County

Hon. Michael Mosman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; CASCADIA WILDLANDS; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; NATIVE FISH SOCIETY,<br><br>          Plaintiffs,<br><br>vs.<br><br>PETER DAUGHERTY, in his official capacity as Oregon State Forester; KATHERINE SKINNER, in her official capacity as District Forester for the Tillamook District; MICHAEL CAFERATA, in his official capacity as District Forester for the Forest Grove District; DANIEL GOODY, in his official capacity as District Forester for the Astoria District,<br><br>          Defendants.<br><br>   and<br><br>TILLAMOOK COUNTY,<br><br>          Intervenor-Defendant. | Case No. 3:18−CV−1035−MO<br><br>TILLAMOOK COUNTY'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Intervenor-defendant Tillamook County ("the County") answers plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows.

1.      Paragraph 1 contains a characterization of the Complaint to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in paragraph 1.

2.      In response to paragraph 2, the County admits that defendants have planned and sold timber from the Tillamook and Clatsop State Forests and have authorized the maintenance and construction of roads in the forests to support that endeavor, as required under the Forest Acquisition Act, ORS 530.010 to ORS 530.181. The County further admits that defendants will likely continue this practice absent an injunction prohibiting them from doing so. The County denies the remaining allegations in paragraph 2.

3.      The County lacks information sufficient to admit or deny the allegations in paragraph 3 and, on that basis, denies them in full.

4.      Paragraph 4 contains a characterization of the Complaint to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in paragraph 4.

5.      Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in paragraph 5.

6.      The County lacks information sufficient to admit or deny the allegations in paragraph 6 and, on that basis, denies them in full.

7.      Paragraph 7 of the Complaint contains a legal conclusion to which no response is required.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

8.      The County lacks information sufficient to admit or deny the allegations in paragraphs 8 through 12 and, on that basis, denies them in full.

9.      In response to paragraph 13, the County admits that Peter Daugherty is the State Forester of Oregon. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 13 and, on that basis, denies them.

10.     In response to paragraph 14, the County admits that Katherine Skinner is the District Forester for the Tillamook District. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 14 and, on that basis, denies them.

11.     In response to paragraph 15, the County admits that Michael Caferata is the District Forester for the Forest Grove District. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 15 and, on that basis, denies them.

12.     In response to paragraph 16, the County admits that Daniel Goody is the District Forester for the Astoria District. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 15 and, on that basis, denies them.

13.     Paragraphs 17 through 31 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in those paragraphs in full.

14.     The County lacks information sufficient to admit or deny the allegations in paragraphs 32 through 37 of the Complaint and, on that basis, denies them in full.

15.     The allegations in paragraph 38 of the Complaint purport to summarize a National Marine Fisheries Service ("NMFS") listing decision, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies plaintiffs'

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

characterization of that listing decision. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 38 and, on that basis, denies them.

16.    The County lacks information sufficient to admit or deny the allegations in paragraph 39 and, on that basis, denies them in full.

17.    The allegations in paragraphs 40 and 41 purport to summarize NMFS determinations, which speak for themselves and are the best evidence of their content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in those paragraphs.

18.    Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in paragraph 42.

19.    In response to paragraph 43, the County admits that forestlands in the Tillamook State Forest burned in a series of fires beginning in the 1930s. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 43 and, on that basis, denies them.

20.    In response to paragraph 44, the County admits that several counties acquired forestlands that had been previously abandoned by private landowners in the 1930s and 1940s, and that the counties subsequently conveyed those lands to the state.

21.    The County lacks information sufficient to admit or deny the allegations in paragraph 45 and, on that basis, denies them.

22.    The County admits that the seven rivers identified in paragraph 46 of the Complaint flow through the Tillamook State Forest. The County is without sufficient information to admit or deny plaintiffs' specific allegations regarding the outlets for the rivers

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

identified in paragraph 46 and, on that basis, denies them. The remainder of paragraph 46

purports to summarize NMFS's critical habitat designation and listing decisions, which speak for

themselves and are the best evidence of their content. Insofar as these allegations state

conclusions of law, no response is required. To the extent that a response is deemed necessary,

the County denies the last sentence of paragraph 46.

      23.     The County lacks information sufficient to admit or deny the allegations in

paragraphs 47 through 51 and, on that basis, denies them in full.

      24.     The allegations in paragraphs 52 and 53 purport to summarize NMFS listing

decisions, which speak for themselves and are the best evidence of their content. Insofar as these

allegations state conclusions of law, no response is required. To the extent that a response is

deemed necessary, the County denies the allegations contained in those paragraphs.

      25.     The County lacks information sufficient to admit or deny the allegations in the

first sentence of paragraph 54 and, on that basis, denies the same. The remaining allegations in

paragraph 54 purport to summarize a NMFS recovery plan, which speaks for itself and is the best

evidence of its content. Insofar as these allegations state conclusions of law, no response is

required. To the extent that a response is deemed necessary, the County denies the remaining

allegations in paragraph 54.

      26.     The allegations in paragraph 55 purport to summarize a proposed NMFS listing

decision and the State of Washington's 2006 Habitat Conservation Plans, which speak for

themselves and are the best evidence of their content. Insofar as these allegations state

conclusions of law, no response is required. To the extent that a response is deemed necessary,

the County denies the allegations contained in paragraph 55.

      27.     The allegations in paragraphs 56 and 57 purport to summarize NMFS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

determinations, which speak for themselves and are the best evidence of their content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in those paragraphs.

28.    The County lacks information sufficient to admit or deny the allegations in paragraphs 58 through 60 and, on that basis, denies them in full.

29.    In response to paragraph 61, the County admits that ODF adopted a new Forest Management Plan in 2010. The remaining allegations in paragraph 61 purport to summarize the Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required.

30.    The allegations in paragraph 62 purport to summarize the 2010 Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in paragraph 62.

31.    In response to paragraph 63, the County admits that 2016 NMFS finalized a recovery plan for the Oregon Coast Coho salmon in December ("December 2016 Recovery Plan"). The remaining allegations in paragraph 63 purport to summarize the December 2016 Recovery Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations contained in paragraph 63.

32.    The allegations in paragraph 64 purport to summarize the December 2016 Recovery Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations contained in paragraph 64.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\088579\242637\JSH\24054751.1

33.     Paragraph 65 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations in paragraph 65.

34.     In response to paragraph 66, the County admits that the Oregon Forest Practices Act ("OFPA") was enacted in 1971. The remainder of paragraph 66 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations in paragraph 66.

35.     In response to paragraph 67, the County admits that the Oregon State Board of Forestry (the "Board") has promulgated implementing regulations for the OFPA. The remaining allegations in paragraph 67 purport to summarize those regulations, which speak for themselves and are the best evidence of their content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations in paragraph 67.

36.     The County admits that OAR Chapter 629, Division 035 contains regulations applicable to state forestlands and that forest management, implementation, and annual operations plans set forth additional standards and guidelines applicable to state forests.

37.     Paragraphs 69 through 71 contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in those paragraphs.

38.     The County denies the first sentence in paragraph 72. The remainder of paragraph 72 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations contained in paragraph 72.

39.     Paragraphs 73 through 79 contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, the County denies the allegations

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

contained in those paragraphs.

40.     The County lacks information sufficient to admit or deny the allegations in paragraph 80 and, on that basis, denies them in full.

41.     The allegations in paragraph 81 purport to summarize NMFS's listing decision, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in paragraph 81.

42.     The County lacks information sufficient to admit or deny the allegations in paragraphs 82 and 83 and, on that basis, denies them in full.

43.     The County denies the allegations in paragraph 84.

44.     In response to paragraph 85, the County denies that ODF has emphasized timber production. The County lacks information sufficient to admit or deny the remaining allegations in paragraph 85 and, on that basis, denies them in full.

45.     The County admits the allegations in paragraph 86.

46.     The allegations in paragraphs 87 through 89 purport to summarize the 2001 Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in those paragraphs.

47.     The County lacks information sufficient to admit or deny the allegations in paragraph 90 and, on that basis, denies them in full.

48.     The County lacks information sufficient to admit or deny the allegations contained in the first and last sentences of paragraph 91 and, on that basis, denies them. The remaining allegations in paragraph 91 purport to summarize the 2003 amendments to the 2001

Page 8 -     TILLAMOOK COUNTY'S AMENDED ANSWER AND
             AFFIRMATIVE DEFENSES TO COMPLAINT FOR
             DECLARATORY AND INJUNCTIVE RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations in paragraph 91.

49.    The allegations in paragraph 92 purport to summarize NMFS's listing decision, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the allegations contained in paragraph 92.

50.    The County lacks information sufficient to admit or deny the allegations in paragraph 93 and, on that basis, denies them in full.

51.    In response to paragraph 94, the County admits that ODF and the Board issued the 2010 Forest Management Plan in 2010. The remaining allegations in paragraph 94 purport to summarize the 2010 Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations in paragraph 94.

52.    The allegations in paragraphs 95 through 97 purport to summarize the 2010 Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the remaining allegations in paragraph 94.

53.    The first sentence in paragraph 98 purports to summarize the 2010 Forest Management Plan, which speaks for itself and is the best evidence of its content. Insofar as these allegations state conclusions of law, no response is required. To the extent that a response is deemed necessary, the County denies the first sentence of paragraph 98. The County denies the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

remaining allegations in paragraph 98.

54.     The County lacks information sufficient to admit or deny the allegations contained in paragraphs 99 through 102 and, on that basis, denies them in full.

55.     In response to paragraph 103, the County admits that ODF, the State Forester, and the District Foresters plan and conduct multiple timber sales on the Tillamook and Clatsop forests each year pursuant to the OFPA and its implementing regulations. The County denies the remaining allegations in paragraph 103.

56.     The County lacks information sufficient to admit or deny the allegations in paragraphs 104 through 110 and, on that basis, denies them in full.

57.     In response to paragraph 111, the County admits that the Oregon Department of Geology and Mineral Industries maintains a database known as the "Statewide Landslide Information Database for Oregon". The County lacks information sufficient to admit or deny the remaining allegations in paragraph 111 and, on that basis, denies them in full.

58.      The County lacks information sufficient to admit or deny the allegations in paragraph 112, on that basis, denies them in full.

59.     The County denies the allegations in paragraphs 113.

60.     The County denies the allegations in the first sentence of paragraph 114. The County is without information sufficient to admit or deny the remaining allegations contained in paragraph 114 and, on that basis, denies them.

61.     In response to paragraph 115, the County denies that timber sales or the use of haul routes has led to an increased delivery of harmful fine sediments to Coho streams. The County lacks information sufficient to admit or deny the remaining allegation in paragraph 115 and, on that basis, denies them.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

62.     The County denies the allegations in paragraph 116 through 119.

63.     The County lacks information sufficient to admit or deny the allegations in paragraph 120 and, on that basis, denies them in full.

64.     The County denies the allegations in paragraphs 121 and 122.

65.     In response to paragraph 123, the County realleges and incorporates its responses to paragraphs 1 through 122 above.

66.     The County lacks information sufficient to admit or deny the allegations in paragraphs 124 and 125.

67.     The County denies the allegations in paragraphs 126 through 130.

68.     The remainder of the Complaint consists of plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is deemed necessary, the County denies each and every one of the allegations contained in plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs lack standing to bring this action.

3.     The Court lacks jurisdiction over some or all of plaintiffs' claims.

4.     Plaintiffs lack standing on some or all of their claims.

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

6.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7.     The County has protected and recognizable interests in the development and management of the forestlands comprising the Tillamook Forest, and a statutory right to revenue

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

from timber on those forestlands. Plaintiffs' claims for relief should be denied or limited to the extent they impermissibly infringe on the County's rights in state forestlands.

WHEREFORE, the County respectfully requests that the Court deny all relief sought by plaintiffs, grant judgment in favor of defendants, OFIC, and the County, and grant to the County such additional relief as the Court may deem just and proper, including an award of costs, disbursements, and attorney fees to which the County is entitled to recover by statute or otherwise.

Dated this 11th day of October, 2018.

SCHWABE, WILLIAMSON & WYATT, P.C.

_s/ Jessica A. Schuh_
Jessica A. Schuh, OSB #164778
Telephone:  503-222-9981
Of Attorneys for Intervenor-Defendant Tillamook County

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900