| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE DISTRICT OF OREGON |

```
 3  CENTER FOR BIOLOGICAL        )
    DIVERSITY; CASCADIA WILDLANDS;)
 4  PACIFIC COAST FEDERATION OF  )
    FISHERMEN'S ASSOCIATIONS;    )
 5  INSTITUTE FOR FISHERIES      )
    RESOURCES; NATIVE FISH       )
 6  SOCIETY;                     )
                                 )
 7        Plaintiffs,            )  Case No. 3:18-cv-01035-MO
                                 )
 8     v.                        )
                                 )
 9  PETER DAUGHERTY, in his      )  January 17, 2019
    official capacity as Oregon  )
10  State Forester; KATHERINE    )
    SKINNER, in her official     )
11  capacity as District Forester)
    for the Tillamook District;  )
12  MICHAEL CAFFERATA, in his    )
    official capacity as District)
13  Forester for the Forest Grove)
    District; DANIEL GOODY, in his)
14  official capacity as District )
    Forester for the Astoria     )
15  District,                    )
                                 )
16        Defendants.            )  Portland, Oregon
                                 )
17  and                          )
                                 )
18  OREGON FOREST INDUSTRIES     )
    COUNCIL and TILLAMOOK COUNTY,)
19                               )
    Intervenor-Defendants.       )
20  _____)

21

22                      Oral Argument

23              TRANSCRIPT OF PROCEEDINGS

24        BEFORE THE HONORABLE MICHAEL W. MOSMAN

25        UNITED STATES DISTRICT COURT CHIEF JUDGE
```

```
 1

 2                            APPEARANCES

 3

 4    FOR THE PLAINTIFFS:         Ms. Amy R. Atwood
                                  Center for Biological Diversity
 5                                P.O. Box 11374
                                  Portland, OR 97211
 6

 7    FOR THE DEFENDANTS:         Ms. Darsee Staley
                                  Ms. Sarah K. Weston
 8                                Oregon Department of Justice
                                  100 S.W. Market Street
 9                                Portland, OR 97201

10

11    FOR INTERVENOR DEFENDANT
      OREGON FOREST INDUSTRIES
12    COUNCIL:                    Mr. Ryan P. Steen
                                  Stoel Rives LLP
13                                600 University Street, Suite 3600
                                  Seattle, WA 98101
14

15    FOR INTERVENOR DEFENDANT
      TILLAMOOK COUNTY:           Mr. Jay T. Waldron
16                                Schwabe Williamson & Wyatt
                                  1211 S.W. Fifth Avenue, Suite 1600
17                                Portland, OR 97204

18

19    ALSO PRESENT:              Mr. Noah Greenwald

20

21    COURT REPORTER:            Bonita J. Shumway, CSR, RMR, CRR
                                  United States District Courthouse
22                                1000 S.W. Third Ave., Room 301
                                  Portland, OR  97204
23                                (503) 326-8188

24

25
```

(P R O C E E D I N G S)

(January 17, 2019; 10:40 a.m.)

THE CLERK:  We're here today in Case No. 3:18-cv-1035-MO, Center for Biological Diversity, et al. v. Daugherty, et al.

Counsel, please state your name.

MS. ATWOOD:  Amy Atwood on behalf of the plaintiff.

MS. WESTON:  Sarah Weston on behalf of the State defendants.

MR. WALDRON:  Jay Waldron on behalf of Tillamook County.

MR. STEEN:  Ryan Steen on behalf of the Oregon Forest Industries Council.

THE COURT:  Others should also introduce themselves. Go ahead.

MS. STALEY:  Good morning, Your Honor.  Darsee Staley, also for the State defendants.

MR. GREENWALD:  Noah Greenwald with plaintiffs.

THE COURT:  Let me give you my tentative thoughts on the matters here before me.  They're just tentative, so I'll want to hear your oral arguments.  And I should say that in the course of making these remarks, I may end up describing what a complaint should do instead of what this one actually does, with a view towards moving towards the future in this case.

So there are several challenges to the complaint in

1    this case.  The first is the straight-up Eleventh Amendment
2    challenge about retrospective declaratory relief.  And so if
3    this were a complaint that sought retrospective declaratory
4    relief, that would violate the Eleventh Amendment.  There can
5    be, in some cases, an exception where some sort of declaration
6    about past conduct by the State forms an integral part of
7    answering a question about future conduct, and so there may be
8    that exception out there to the Eleventh Amendment.
9         There are two things about this case that I think
10   make that less important here.  One is that our plaintiff in
11   briefing -- not so much in the complaint.  The complaint, I
12   think, certainly would leave one with the impression that
13   retrospective relief was being sought, but the plaintiff now
14   disavows seeking retrospective relief.  So, to that degree, I
15   take plaintiff at its word, and so therefore I deny the motion
16   regarding the prohibition by the Eleventh Amendment for
17   retrospective relief, unless somehow I sort of misunderstood
18   plaintiffs' position.
19        I will say this about a complaint discussing past
20   behavior when it can only seek future injunctive relief, and
21   that is that it's, of course, a part of many, many complaints,
22   and it's an appropriate part of a complaint against a state to
23   sort of recite what has happened in the past as a step towards
24   proving the imminence of future harm.
25        So if you say, you know, that a particular form of

1    logging -- you know, helicopter logging in the past has always
2    resulted in these harms, and the State is about to engage in
3    helicopter logging and therefore the harm again is imminent,
4    you've just used the past to prove imminent future harm.
5    There's nothing that the Eleventh Amendment says that prohibits
6    that.
7           And I take it that much -- maybe all of what the
8    complaint in this case is saying about the past is to that end.
9    Is that about right?
10          MS. ATWOOD:  Yes, Your Honor, that's right.
11          Just to round out that a little bit more, I wanted to
12   make a couple of things clear.  The history in particular of
13   the National Marine Fisheries Service engaging with the ESU in
14   making its determination throughout the years happened multiple
15   times.  It happened alongside the threats that were continuing.
16   And any of us who are from the Pacific Northwest know that
17   salmon are threatened by myriad threats.
18          But if you read the rules here, you'll come to see
19   that the service had determined multiple times, including after
20   challenges in court and the service making new listing
21   determinations, reiterated time and time again that the primary
22   threat, ongoing threat to this ESU is the impairment of its
23   fresh water habitat, and in particular the headwater streams
24   that coho salmon require.
25          And so we felt that it was important to pull out that

1    important history so that the Court could understand that, but

2    also for the purpose that you explained.  And I would also,

3    just to supplement that, note that the special rule talks a lot

4    about some of the issues that the State is concerned about,

5    things like large woody debris and stream buffers.  So all of

6    this was --

7              THE COURT:  Thank you.  I think that's all I need to

8    hear on this.

9              So unless the State or other actors otherwise here

10   have concerns, you've essentially gained what you sought by

11   this motion, in the sense of not being subjected to

12   retrospective relief.

13             Anything further you need to offer on this issue, on

14   the Eleventh Amendment issue?

15             MS. WESTON:  Your Honor --

16             THE COURT:  Go ahead.

17             MS. WESTON:  We appreciate the Court's ruling on

18   that, and I guess we would just reserve the right to, if the

19   second amended complaint does contain a request for

20   retrospective relief, we'd reserve the right to raise this

21   issue again if it's necessary, although in light of the

22   Court's --

23             THE COURT:  Well, you won't need to raise it again at

24   the pleading level.  I suppose it could come up at summary

25   judgment somehow, but it's sort of hornbook law that having

1   disavowed in pleadings any attempt to seek retrospective

2   relief, plaintiffs are going to be barred by that.  So it's not

3   going to come up again.

4           MS. WESTON:  Thank you.

5           THE COURT:  So that's my ruling on the Eleventh

6   Amendment.

7           The next argument defendants make against this

8   complaint is one that would seek to require plaintiffs to plead

9   the complaint on a sale-by-sale approach.  And the argument is

10  really sort of a -- one that says that a complaint under

11  Section 9 has to be by a sale-by-sale approach in order to

12  state a claim.  So I guess for both sides, my tentative views

13  are kind of good news-bad news.

14          So for plaintiff, the good news is I don't think

15  that's a per se rule.  I don't think it's by definition

16  necessary to adopt a sale-by-sale approach in order to

17  adequately state a claim.  And I'll confess that although it's

18  not really briefed this way, my analysis of this really falls

19  more under *Iqbal/Twombly* than something else.  And I think

20  that's the right way to think about the complaint on this

21  score.

22          The bad news for plaintiff is that I do think this

23  complaint is at an improperly high level of generality and

24  doesn't sufficiently -- doesn't allege facts with sufficient

25  specificity under *Iqbal/Twombly* and doesn't really allow the

1    defendants to prepare a meaningful defense.  It doesn't give

2    them the kind of specificity required.

3            So, in general, I think a complaint on this score --

4    what has to be avoided is a complaint that says, you know,

5    logging has damaged salmon habitat in a variety of ways in the

6    Northwest in the past, there's going to be logging on these

7    sites, therefore salmon habitat will be damaged.

8            And this complaint now comes perilously close to sort

9    of that proposition, and that's at a very high level of

10   generality.  So certainly a sale-by-sale approach in which one

11   says this sale has these features about it that will trigger --

12   imminently trigger harms known to be caused by this kind of

13   logging on this sort of terrain is enough and will

14   satisfy *Iqbal/Twombly*.

15           Whether you can figure out a way to plead this

16   complaint without doing a sale-by-sale approach, that's up to

17   you, since I don't think it's absolutely required.  I will

18   confess that I have a hard time seeing how you can get there

19   without a sale-by-sale approach.  So I'm not sure what to say

20   about my tentative thoughts here, other than I think I would

21   deny a motion that requires a sale-by-sale approach, but I

22   would require plaintiffs to replead to be more specific, since

23   I don't think there's enough here to tee up a meaningful

24   defense.

25           With those tentative thoughts, I'll hear first from

1  plaintiff.

2       MS. ATWOOD:  Sure, Your Honor.  I do think I'm very

3  confident that we can get there.  I would encourage the Court

4  to look at Judge Aiken's explanation of how, you know, timber

5  sales are planned and sold, and in the case of the Tillamook

6  and Clatsop State Forests, there are several layers, and one of

7  those is an annual operations plan and the other one is an

8  implementation plan.

9       THE COURT:  I'm going to stop you there.  So, first,

10 I think I have some understanding of that, as all of the

11 lawyers in the room here and myself have some understanding of

12 how these sales work, and, in fact, some general understanding

13 of the various ways in which salmon can be threatened by

14 threatening their habitat.  So what is important to me here is

15 that that knowledge gets put on paper in the complaint.

16      And that's, I think, one of the flaws in the

17 complaint.  It simply assumes a lot of things can be filled in

18 by a knowledgeable reader, but that's not what complaints are

19 obligated to do.  So I think that's what's missing is the

20 complaint has to lay out with greater specificity how you know

21 that a particular sale, or at least a particular feature of the

22 landscape is threatened by a particular type of harvesting

23 activity.

24      MS. ATWOOD:  What I was going to suggest to the Court

25 was that we could look at this on a watershed basis.  Our chain

1   of causation alleges that the logging activities that are

2   ongoing and approved by the defendants increase the background

3   rate of landslides at the watershed level.

4           They also tend to plan their timber sales for the

5   coming year, for the coming term by watershed, and I think that

6   is -- if the Court would be okay with that, we would explore

7   pulling together some of those sales, which would avoid the

8   problems of the sale-by-sale approach but provide perhaps more

9   of the information that the Court is asking for.

10          THE COURT:  Thank you.

11          For the defense?

12          MS. WESTON:  Your Honor, I want to make sure that

13  we're on the same page.  The State's motion was a motion to

14  make more definite and certain, which of course is analyzed

15  with a view towards the *Iqbal/Twombly* standards, but I want to

16  make sure we're all on the same page about what the motion was.

17          THE COURT:  We are.  We're just in federal court,

18  where motions to make more definite and certain are very

19  unpopular.

20          MS. WESTON:  Fair enough.  And this was not a motion

21  that the State made lightly, Your Honor, but this is a case

22  that is not a programmatic challenge.  Plaintiffs have

23  disavowed that it's a programmatic challenge.  Nothing in the

24  complaint suggested it's a programmatic challenge.  It's an

25  as-applied challenge, and plaintiffs' complaint and their

1   response effectively says, well, it's as-applied, but we don't

2   have to tell you as applied how or where or what.

3          THE COURT:  What is the level of specificity that you

4   think is required?  Not optimal, just required.

5          MS. WESTON:  Your Honor, I think because this case

6   involves a chain of causation that is attenuated in time and

7   attenuated in terms of the number of links in the chain, we

8   need as much specificity as we can get so we can know what

9   conduct they're talking about, where is that conduct occurring

10  and --

11         THE COURT:  So let's take one of the harms,

12  landslides.  You understand the end of the chain, right?  You

13  understand the harm plaintiffs allege flows from landslides

14  into streams?

15         MS. WESTON:  Well, I guess I have two answers to

16  that.  One is that, you know, as a relatively knowledgeable

17  reader, I do understand that landslides can have impact on

18  streams, some of which are beneficial and part of the natural

19  disturbance regime that creates complex habitat, and some of

20  which are less beneficial.  And we understand plaintiffs'

21  position to be that logging on some unspecified steep slopes

22  results in an increase in the rate of landslides for some

23  period of time after a timber harvest.

24         We don't understand what they mean by steep slopes,

25  we don't know which sales they allege both have those steep

1    slopes and are located in such a --

2         THE COURT:  That's what I want to do is sort of work

3    backwards from the landslide itself back up the causal chain to

4    see where you think specificity is lacking.

5         So you don't know what "steep slopes" means.  Are you

6    suggesting that the actual geographical terrain, you know, a

7    slope next to this stream on a particular bluff or mountainside

8    has to be identified in the complaint?

9         MS. WESTON:  Your Honor --

10        THE COURT:  This half acre right here can't be logged

11   for risk of landslides.  Is that the specificity you think is

12   required?

13        MS. WESTON:  Your Honor, like the Court, I have

14   difficulty imagining how, given the number of factors that

15   affect the likelihood of landslides -- and again, as a

16   knowledgeable reader -- the number of factors that affects

17   likelihood of landslides, the number of factors that affect

18   where that landslide ends up, the number of factors that affect

19   the characteristics of that landslide, whether it looks like a

20   landslide that occurs on unharvested land or not.  Given all of

21   those factors that go into a landslide, and sort of going from

22   timber harvest to landslide to a significant enough impact on a

23   stream where coho are present at a critical life stage and an

24   impact that lasts long enough, it's difficult for me to imagine

25   something other than a sale-by-sale or location-by-location

1   description.

2          With that said, I suppose it's possible that

3   plaintiffs could say that any -- we allege and our expert

4   intends to testify that, you know, a slope of X steepness on X

5   kind of geological -- X kind of geological formations

6   underneath it with these other features that's within X

7   distance of a stream or on a flow path that's identified in

8   such a way that we know there's coho in that stream,

9   potentially you could get there that way.  I guess --

10          THE COURT:  Well, to do that, they'd have to

11   identify -- I guess what you're asking for is significantly

12   greater specificity on what "steep slope" means, right?

13          MS. WESTON:  Significantly greater specificity on

14   what a steep slope means.  And again --

15          THE COURT:  And then some recitation in the complaint

16   grounded in some form of expert testimony.  It wouldn't have to

17   be testimony retained in this case, but some established expert

18   testimony about distance from logging that might cause a

19   landslide to streams, right?

20          MS. WESTON:  Well --

21          THE COURT:  I think that's what I heard you say.

22          MS. WESTON:  Well, I don't believe plaintiffs have to

23   plead their evidence.  I think they have to plead their fact

24   that they intend to prove.  So I don't know that they need to

25   recite that their expert is going to say this, although I

1   imagine --

2         THE COURT:  I wasn't suggesting that they had to

3   recite a particular stream, just that you think the chain of

4   causation they must allege has to allege that logging on a

5   particular sort of slope, defined, can cause harmful

6   landslides, and that that's true because those landslides are

7   within some defined distance that will affect streams.  Is that

8   what you said or am I misunderstanding?

9         MS. WESTON:  That's part of what -- that is what I

10  said in talking about landslides.  It may be helpful to think

11  of this in terms of the elements of a Section 9 claim, where

12  plaintiffs are going to need to allege and prove -- you know,

13  they need to identify what habitat they're talking about and

14  establish that there are listed species there at the material

15  time.  They're going to need to allege and prove the nature and

16  attributes of the modification that they allege is occurring in

17  that particular habitat.  They're going to need to allege that

18  that modification is so significant that it kills or injures

19  actual identified fish.

20        THE COURT:  What do you mean by "actual identified

21  fish"?

22        MS. WESTON:  Fish that exist in that stream.  They

23  don't have to find a fish named Fred, but they need to be able

24  to establish the presence of the listed species at a critical

25  time.  So, you know, if sediment buries gravel for some period

1    of time where there aren't eggs in the gravel, and then it's

2    washed away by -- before the next set of eggs come in, that

3    doesn't establish --

4          THE COURT:  Why isn't that more summary judgment than

5    motion to dismiss?  I mean, let's take, for example, the

6    suggestion made by plaintiff that they did this on a watershed

7    basis.  So nothing in the complaint that alleges this harm on a

8    watershed basis will allow you -- will require them to say that

9    there are threatened salmon in a particular stream, and that

10   stream, that particular stream is close enough to a particular

11   steep slope that logging that slope might cause the harm.  I

12   mean, certainly that sort of particularity would satisfy

13   anybody's definition of *Iqbal/Twombly*, but I've never seen ever

14   an environmental complaint have to pass through that sort of

15   filter to be specific enough.

16         So what's less than identifying a particular stream

17   but sufficient enough?  I mean, you're the one who is saying

18   this is not specific enough.  So what is specific enough?

19         MS. WESTON:  Your Honor, the State's position is that

20   when we look at this complaint, we don't know which sales

21   they're seeking to enjoin.  We don't know which --

22         THE COURT:  I understand that, and I agree.  What I

23   don't want to do is have them amend and not know how much they

24   need to amend and have you sit here and say, well, we're not

25   going to tell you how good it has to be, we'll just keep

1    challenging it until you hit some undefined magic mark.

2          What's a good enough complaint on the link of

3    causation?  We're focusing right now on landslides, and I think

4    it's a good proxy for the various harms alleged in the

5    complaint.

6          What is specific enough?  You can say it without

7    knowing whether plaintiffs can meet it.  I mean, that's fair.

8    I'm not asking you to write their complaint for them.  But what

9    is specific enough to pass muster here to state a claim that

10   satisfies both *Twombly* and be definite and certain enough on

11   the chain of causation between logging a hillside and a

12   landslide negatively affecting habitat?

13         MS. WESTON:  Your Honor, the State defendants need to

14   be able to read the complaint and be able to discern from the

15   complaint which of their sales are implicated.

16         THE COURT:  So if a complaint focuses on a watershed

17   and said sales in this watershed involve a watershed in which

18   the threatened species are present, and that when sales in this

19   watershed log on steep slopes, it increases the risk of

20   landslides flowing into streams, what they've already said

21   about the negative effects on salmon when it happens, then

22   can't you then go to that watershed, take a look at the sales

23   that are present, contest whether that's really happening here,

24   whether that harm is really imminent or not, and come back to

25   me at summary judgment?

1    MS. WESTON:  Your Honor, without seeing such a
2    hypothetical complaint, it's a little difficult to say, but
3    potentially with landslides, if we understood what types of
4    slopes they were talking about and how direct the connection
5    between the location of the landslide and a stream -- not just
6    a stream but a stream where actually coho are living, because
7    coho don't live in all of the streams in a watershed, some of
8    the streams are too small for them to live in -- potentially
9    that would help.  That would get us there with landslides.
10            With roads --
11            THE COURT:  Let's just pick up that thought for just
12    a moment.  Why isn't that something where that's just part of
13    your defense to say, they've made this somewhat general
14    challenge to logging on steep slopes in this watershed, but we
15    went and looked at this sale, and this sale doesn't involve
16    logging anywhere near any stream where coho are actually
17    present.  Why can't that be your burden post-complaint instead
18    of a burden built into their allegations of the complaint?
19            MS. WESTON:  Your Honor, because they're the
20    plaintiffs and they need to allege each of the elements of a
21    Section 9 claim.  One of those elements is presence of a listed
22    species in habitat that's being modified.
23            And here because we have a modification that's not
24    occurring in the habitat -- or an activity that's not occurring
25    in the habitat, and this isn't sort of we're cutting down a

tree where a bird clearly lives that is listed, and this is,
you know -- there's a bunch of steps that are here, and so in
this case, unlike perhaps in some other kind of ESA case, the
State is prejudiced by not knowing exactly where and what we're
talking about.

And the Court obviously has some amount of discretion
in a more definite statement motion, and here, you know, trial
by ambush just isn't how it's supposed to work in federal
court, and the State shouldn't have to prove a negative to
figure out what it is that plaintiffs are seeking to enjoin in
this case.

THE COURT:  All right.  Thank you very much.

MR. WALDRON:  Your Honor, may I just add a little
perspective to the questions you just asked?

THE COURT:  Yes.

MR. WALDRON:  Jay Waldron for Tillamook.

I think sometimes when we read complaints, we fail to
see the magnitude of what's at issue here.  The Tillamook
Forest is 570 square miles.  It is 100 square miles larger than
Multnomah County.  There are seven, as Your Honor probably
knows, major rivers there, the Kilches, the Miami.  There are
seven.  There are many thousands of streams and tributaries in
the forest.

And, I mean, my clients live there, you know.  As you
know from our pleadings, they depend on the forest for much of

1    their school funds and much of their county -- part of their

2    county budget.  And just saying "landslide," for example, when

3    there's thousands of streams, some have coho, some -- most

4    don't.

5          And when you just say a landslide, landslides, Your

6    Honor, in Tillamook County, obviously, the whole -- about half

7    the county is steep slopes, and they're everywhere.  There are

8    hundreds of square miles of steep slopes.

9          And to go a little bit that isn't in the briefing,

10   the -- when the implementation plan is done or the sale plan is

11   done, it's got incredible detail about where, when, how, what,

12   what effect on this slope, that slope, the next slope, this

13   water body, that water body.  And I think what the attorney for

14   the State is trying to convey -- and I'm trying to convey,

15   also -- is there's no way to get the who, where, what, how.

16   There's -- *Palsgraf* is missing here.

17         THE COURT:  I understand your point, it's just I'm

18   concerned that the same argument you're making about a

19   challenge that involves, you know, the whole forest or even the

20   whole watershed, you'd almost make the same argument with

21   regard to the whole sale.  I mean, you could have a particular

22   sale, and you could say of that sale, you know, it involves a

23   lot of land with many slopes and many streams, and we still

24   don't know which one they're talking about.

25         I mean, why isn't your argument one that would

1    require the plaintiff to say, this stream has coho in it and X

2    feet away is a slope, if you log this slope, we believe there

3    will be a landslide to negatively impact, you know, at mile

4    marker whatever, this stream?

5            MR. WALDRON:  Your Honor, I wouldn't disagree with

6    you if that was the type of specificity, because there's --

7            THE COURT:  I'm asking if that's the type of

8    specificity you think is required by law.

9            MR. WALDRON:  Yes.  I think that somehow -- the

10   standard for liberal federal pleadings is it can't be

11   speculative.  And I think, from talking to my clients, the way

12   the complaint is now, and even the way you said it, by

13   watershed, you're talking about hundreds of square miles that

14   could be in one of those watersheds.  It's almost saying curves

15   in Multnomah County cause accidents.

16           THE COURT:  Are you suggesting then that even a

17   sale-by-sale approach is not specific enough?

18           MR. WALDRON:  I think that's specific enough, yes,

19   Your Honor.

20           THE COURT:  Well, why?  Why is that specific enough?

21   You still don't know which of many slopes and many streams is

22   involved.  You just have to go figure it out on your own?

23           MR. WALDRON:  Mr. Steen would probably know the

24   answer better, but most sales are 30 to 200 acres, and they're

25   in a specific -- I'm not much on being a forester, but they're

1    in specific areas, and if there was a sale listed, the

2    implementation plan is going to have every detail about that

3    area.  And yes, then the State, Tillamook County, and OFIC

4    could defend that.

5                THE COURT:  All right.  Thank you.

6                Your response?

7                I'm sorry, Mr. Steen, go ahead.

8                MR. STEEN:  Just a brief point to follow up on

9    Mr. Waldron.  I agree that -- I can't see how it could be

10   anything other than a sale-by-sale, because I don't think you'd

11   have the specificity to tie what they're alleging will

12   happen -- which is injury or death of a coho salmon -- to the

13   specific activity.  So there has to be some allegation of what

14   that activity is.

15               I think what guides this a little bit is the case

16   cited in the briefing, *Environmental Protection Information*

17   *Center v. Tuttle*.  In that case you kind of had the reverse, in

18   that it involved California but still coho salmon, but it was a

19   challenge to the regulations and plans that governed timber

20   harvesting.  And the Court rejected that and said that what the

21   plaintiffs needed to instead do was to bring a challenge to,

22   quote, site, a site-specific challenge to a timber harvest, and

23   that that would have the distinct and developed facts necessary

24   for the Court to hear a claim.

25               And I think that is instructive for this case here.

1   We need some allegations of where the activities are and what

2   they are going to be, for example, in a timber sale, that's

3   ultimately going to cause, as the plaintiffs have said, injury

4   or death of coho salmon.  And that's I believe what is missing

5   from the complaint.

6           THE COURT:  All right.  Thank you.

7           MS. ATWOOD:  Your Honor, may I respond?

8           THE COURT:  Yes.

9           MS. ATWOOD:  Well, first to respond to Mr. Waldron.

10          You can hear me okay?

11          I just wanted to point out -- I don't know if this is

12  the direction the Court is going, but we did include a table at

13  the end of our complaint with 65 timber sales.  That complaint

14  was filed in June.  Half of these sales have been logged or

15  sold.  That alone represents the inherent difficulty of trying

16  to litigate this case on a sale-by-sale basis.

17          I would also just point out that in the table we

18  identify certain attributes of these sales that lends them to a

19  higher risk of landslides, and we also ensured that they were

20  upstream of coho -- occupied coho habitat.

21          I think that the -- to respond to Mr. Steen, the *EPIC*

22  *v. Tuttle* case is instructive, but it's a lot like a lot of the

23  other cases that do talk about this sort of Section 9 challenge

24  to ad hoc decision making.  In other words, rather than going

25  for a challenge to a policy or, as the State puts it, a

1    program, we're going to look at the licensing decisions; we're

2    going to look at the types of consistent decision making that

3    the State is engaging in.

4         And so I actually think that *Tuttle* supports our

5    position, and from what I'm hearing, it doesn't sound like

6    Mr. Waldron would object to a watershed-by-watershed approach.

7         THE COURT:  I mean, that's exactly what he objected

8    to.  I don't know how you heard differently.

9         MS. ATWOOD:  Well, he discussed how large the forest

10   is and how there are these various watersheds.  And that is

11   consistent with what I was suggesting earlier, which is that

12   these decisions they make on a ten-year and an annual basis do

13   look at the watersheds.  And our chain of causation alleges a

14   watershed -- almost a watershed-level impact, both in the form

15   of harm, and we also have alleged facts to support harassment.

16        Again, I understand this is not the direction that

17   the Court is going, but I just wanted to --

18        THE COURT:  What is your obstacle to alleging a

19   sale-by-sale approach?

20        MS. ATWOOD:  Well, as made evident by the fact that

21   half of the sales in our table have already been sold or

22   completely logged, I think it would be incredibly difficult for

23   the parties and the Court to manage a sale-by-sale approach

24   with discovery.  We have a team of four experts to address

25   every single link in our chain of causation.  To go through

1   both fact and expert discovery, summary judgment briefing, and
2   a trial to deal with sales that, in their view, are moot as
3   soon as they're sold, I just don't see how that's the best use
4   of anyone's time.
5           THE COURT:  So you're just saying that the sales are
6   completed before you can litigate them?
7           MS. ATWOOD:  Well, that's what they're saying.  Yes,
8   that's right, Your Honor.  And they're saying that they're moot
9   because they've already been sold.  In other words, the legal
10  ownership permission was transferred to the operator.
11          THE COURT:  Why isn't that the whole point of future
12  injunctive relief that would prevent the sales from being
13  mooted while it's being litigated?
14          MS. ATWOOD:  I'm sorry, I don't understand the
15  question, Your Honor.
16          THE COURT:  Well, if what you're seeking, if you have
17  a complaint that alleges multiple sales and alleges imminent
18  harm and seeks injunctive relief, then why couldn't you at the
19  same time to solve that problem seek preliminary injunctive
20  relief in order to litigate the imminent harm on a permanent
21  basis?
22          MS. ATWOOD:  Your Honor, we have considered that
23  seriously and it's not an option we've taken off the table, but
24  given the experience in the *Pacific Rivers Council v. Brown*
25  case, it seems to us that in that case Judge Brown was

1    concerned with the absence of enough factual development in the

2    PI context to grant the PI.  And so we are not trying to

3    over-litigate this case, but we want to make sure that the

4    Court has everything that it needs order to make a decision on

5    the merits.

6              THE COURT:  All right.  Thank you.

7              MS. WESTON:  Your Honor, can I just make one -- the

8    State's position is not that the sales are moot once they are

9    sold.  I mean, those contracts run for a number of years

10   because there's a certain amount of preparatory work, where

11   they do some road maintenance and then the harvest happens and

12   then hauling.  Our position is once the trees are all cut down

13   and have been hauled out of the woods, there's nothing for the

14   Court to order.

15             And so with respect -- with respect, I think the

16   Court could probably get through this litigation in less than a

17   three-year contract term.  The next round of sales is going out

18   for public comment in March.  If the Court gave the plaintiffs

19   until the end of March to amend their complaint, we could

20   include proposed sales from that round and we would have some

21   specific facts for us to work with and --

22             THE COURT:  Thank you.

23             Well, I've said, and I still maintain that there's

24   nothing in the law that requires a sale-by-sale approach as

25   some sort of statutory or regulatory requirement, but a certain

1  level of specificity is required by pleading standards in

2  federal court, if nothing else.  And the ultimate goal is to

3  have a set of pleadings that allows a defendant to undertake a

4  defense, and this complaint, in my view, fails to do that.

5            And I think the level of specificity, while not --

6  while not stream by stream -- that's I don't think required at

7  all -- does require the ability to have a manageable piece of

8  terrain that the defendants can then go investigate whether

9  what's alleged in the complaint is really what is going to

10 happen on a manageable piece of terrain.  And if that terrain

11 is too large, then it can't be done.  It can't be done if

12 it's -- in any reasonable period of time or in some instance

13 probably not humanly possible if the piece of terrain is too

14 large.

15           So we use proxies for just this abstract requirement

16 of specificity, and in this case I agree that the complaint has

17 to allege a sale-by-sale approach using sales as an adequate

18 proxy for the kind of specificity that narrows down the terrain

19 in question to allow a meaningful undertaking of the defense.

20           So I grant the motion against the complaint, and I

21 will allow repleading, but require the pleading to take place

22 on a sale-by-sale basis.

23           The principal rationale for not undertaking a

24 sale-by-sale approach is not that it can't be done in terms of

25 the specificity of the complaint, but rather that it allows a

1    sort of a -- it's almost a -- it's not quite, but it's almost

2    sort of a capable of -- capable of evaluation but evading

3    review sort of problem.  And I don't want to do that, and so I

4    will undertake to make sure the case advances rapidly enough,

5    and I will keep in mind the obstacles to plaintiff in trying to

6    litigate a number of sales before they sort of slip away from

7    the Court's limited jurisdiction in a case like this.

8              But I still think, and I do hold that that level of

9    specificity is what I would require in a future complaint.

10             The next argument I need to evaluate is that --

11             MS. ATWOOD:  Your Honor --

12             THE COURT:  Yes?

13             MS. ATWOOD:  May I ask just a point of clarification

14   about the sale-by-sale approach?

15             THE COURT:  Of course.

16             MS. ATWOOD:  Would the Court prefer that we identify

17   the sales and assign a claim to each sale, or would you rather

18   that we include the sales, as we have here, in a table format

19   and say in one claim, for example, that these are the sales

20   with the features that are reasonably certain to result in harm

21   and harassment?

22             THE COURT:  There's nothing wrong with the latter

23   approach as long as it's not generic.

24             If you identify, you know, a group of five sales --

25   just pulling a number out of thin air -- that in your view

1    could be alleged individually, each with a particular claim for

2    the particular harm, but the claims are the same statutory

3    framework and involve the same factual harm that you want to

4    allege, then you can group them.  That's fine.  I just don't

5    want you to use grouping as a way of not being specific about

6    claim-by-claim analysis -- excuse me, sale-by-sale analysis.

7              MS. ATWOOD:  Okay.  Thank you, Your Honor.

8              THE COURT:  The next argument is that claims related

9    to completed logging are moot.  And it's not so much that it's

10   moot, it's that it's not on the table.  So I am -- I don't need

11   to hear further argument on that.  I deny the motion on the

12   theory of mootness, but agree that there aren't claims in the

13   case about completed logging.

14             The next argument seeks to dismiss parts of the

15   complaint related -- or requesting relief to stream buffers,

16   related to stream buffers.

17             There's really a pair of arguments about stream

18   buffers.  One is that I ought to strike several parts of the

19   complaint regarding stream buffers as immaterial under Rule

20   12(f).  And I generally think that's not the case.  I don't

21   read the complaint as seeking to impose on the State

22   defendants, for example, federal requirements about stream

23   buffers.  Again, I think that the stream buffers in most

24   instances seek to just tell the causational story, and stream

25   buffers are a part of telling the causational story here.

1        So I deny at the motion to strike level almost all of

2    what defendants have requested.

3        There is at paragraph 64 just a single reference that

4    references a federal recovery plan for a geographically

5    distinct group of salmon, and so that does, in my view, become

6    immaterial even to the telling of the causational story here.

7    So I grant the motion to strike paragraph 64.

8        And there is the suggestion by defendants that the

9    aerial photograph in paragraph 113 is not in their challenged

10   land.  I don't know if you've had a chance to look at paragraph

11   113 any further.

12        MS. ATWOOD:  Yes, Your Honor.  And the plaintiffs

13   apologize for the inconvenience and to the State for having to

14   verify that.  My understanding is that there was an error

15   interpreting our mapping, but these particular points that were

16   in those sales are on the kind of terrain that we're talking

17   about, utilized road construction methods that we're talking

18   about, and were very close to the state lands.  That said,

19   we're happy to remove those photographs and replace them with

20   something that illustrates the problem on the state forest.

21        THE COURT:  All right.  Then I do grant the motion to

22   strike the aerial photographs of landslides included in the

23   complaint at paragraph 113, and otherwise deny the motions to

24   strike.

25        The other argument isn't a motion to strike, it's to

1    dismiss really on the idea that features of landscape that

2    aren't currently habitat aren't really protected under

3    Section 9.  And so that's a series of cases involving owls and

4    others, and the idea that to allege -- even to accurately

5    allege a claim under Section 9, you've got to allege habitat

6    currently being utilized by the threatened or endangered

7    species.

8            And that's sort of got an interesting application

9    here.  I don't think those cases apply to our case, our theory

10   of the complaint here.  It's true that the standing trees that

11   if logged fail to become fallen trees and habitat while they

12   are standing are manifestly not coho salmon habitat.  That

13   would be -- I'd like to see that case.  But the theory is an

14   adequate one under Section 9, that you're taking away future

15   habitat in a way that I don't think it's fair to apply those

16   other cases or that principle to this complaint, so I deny the

17   motion to strike or dismiss paragraphs related to stream

18   buffers on the idea that in their present condition they're not

19   currently coho habitat.

20           There is a motion for a more definite statement,

21   which I think I already covered under the sale-by-sale ruling

22   I've made.

23           And lastly there's a motion for judicial notice.  The

24   documents being sought for judicial notice are the classic

25   sorts of documents on which I'd normally take judicial notice,

1    except that I don't see anybody relying on them here.  So that

2    is an element of judicial notice, that it has to be something

3    you're relying on.  Can you help me with that?

4            MS. WESTON:  Sure, Your Honor.  The State's motion

5    relied on those to sort of tell the background of what -- how

6    the State applies this robust program of protective measures

7    that involves sort of rules and standards about roads and how

8    we do leave trees on steep slopes and so forth.

9            THE COURT:  Well, you relied on them by --

10           MS. WESTON:  Citing them.

11           THE COURT:  -- quoting those things in your brief?

12           MS. WESTON:  And then in -- with respect to the

13   federal documents, it was in making our arguments as to why

14   those materials are relevant, we wanted to make sure that the

15   document we were talking about was also before the Court.  I

16   don't know that it's critical that they in fact be in the

17   record.  It was more for the convenience of the Court.

18           THE COURT:  To be clear, you're not asking me to take

19   into account any portion of those documents that's not already

20   in your pleadings today?

21           MS. WESTON:  No, sir.

22           THE COURT:  If I just take into account those

23   portions of those documents, do you have any objection?

24           MS. ATWOOD:  Not at this stage, Your Honor.  I would

25   just ask that we not be barred from quoting other potentially

1    relevant aspects of the recovery plan in our brief.

2              THE COURT:  No, not at all.

3              So I will -- I will rely on the portions of those

4    documents cited in the briefing to me here already.  I'm not

5    going to take judicial notice of them, which actually brings

6    into the record those entire documents, only because the entire

7    documents aren't anything the parties are advancing towards me

8    today.  That doesn't mean that in the future both sides aren't

9    free to pull in more of those documents.  I'm just ruling on

10   what I have in front of me here today.

11             Anything further from plaintiff?

12             MS. ATWOOD:  I do want to just make sure the Court is

13   aware of all of the case law that says that the Court maintains

14   its full scope of equitable discretion when fashioning the

15   appropriate injunction if and when we get to that point,

16   notwithstanding some of the earlier topics we've discussed

17   today.

18             THE COURT:  Are you talking about the limits of the

19   Eleventh Amendment or something else?

20             MS. ATWOOD:  I am talking about -- it's within the

21   context of the Eleventh Amendment argument that they're making,

22   and I just wanted to point the Court to some of the cases that

23   discuss how under both the ESA and the *Ex parte Young* doctrine,

24   the Court does retain the full scope of its equitable powers.

25   And if you would like, I could read you some of the various

1    injunctions that courts have issued with the express

2    understanding that they are not so limited, so that the *Ex*

3    *parte Young* doctrine does not allow the Court to entertain any

4    cases except for prospective relief against state officers

5    violating federal law.  That does not restrain the Court's

6    equitable discretion.

7            THE COURT:  Well, we're a long way from that day.

8            MS. ATWOOD:  I know.

9            THE COURT:  But I am well aware that I have awesome

10   powers.  All right?

11           Anything further from the now very nervous State

12   defendants?

13           MS. WESTON:  Excuse me, Your Honor.

14           If I could just go back for a moment to the stream

15   buffers issue.  The State's argument is not that trees are

16   salmon habitat.  The State's argument is that Section 9 does

17   not require the State to create future habitat, and failure to

18   protect future habitat is not a Section 9 violation.

19           And the other issue on the stream buffer question is

20   that we had two reasons for wanting to dismiss any claim that

21   was alleging a Section 9 violation based on failure to input

22   large woody debris into the streams, one of which was, in our

23   view, the complaint doesn't fairly put us on notice that that's

24   plaintiffs' actual allegation of a chain of causation for a

25   Section 9 claim, and the other was our legal argument that

1    creating future habitat is essentially a recovery function;

2    it's not a Section 9 take claim.

3           And so I guess I'm left with the question of are we

4    litigating the width of our buffers or are we not on this

5    complaint.  And in their response, I was -- it failed to

6    clarify that issue for the State.

7           THE COURT:  I don't see this case as one litigating

8    the width of riparian buffers.  Certainly -- well, I don't see

9    it as litigating that, the width.

10          I do see live as a possibility in this case something

11   that you may view as creating habitat but which I see

12   differently, and that is whether logging near streams that by

13   virtue of logging eliminates trees that would have fallen and

14   become habitat can be a viable Section 9 claim.

15          Is that a principle you disagree with?

16          MS. WESTON:  As a matter of law, Your Honor, it's our

17   position that failing to protect trees that might grow and some

18   day become habitat for a listed species, we think that's

19   inconsistent with the way that the U.S. solicitor general has

20   on behalf of the services interpreted Section 9, and

21   particularly the habitat modification regulation, and also with

22   the case law that says that we need to be talking about

23   identified species that are here now for a Section 9 take claim

24   to exist.

25          And I understand the Court's ruling, but that's

1    our -- I want to make sure our argument is clear.  And in the

2    complaint, the mechanisms of take that they allege are logging

3    on steep slopes and hauling those logs on roads that are

4    hydrologically connected.  They don't allege as a mechanism of

5    take failure to ensure that large wood enters these streams.

6    And if that's the argument, we would ask that that be clarified

7    in the complaint and they say that out loud.  And this

8    obviously is a legal issue that we will preserve and continue

9    to dispute where we can.

10                  THE COURT:  Thank you.

11                  MS. WESTON:  And one other question --

12                  THE COURT:  Let me take that up first and come back

13   to you.  I'm going to talk to your opponent about that, and

14   I'll come back to your other question.

15                  So that raises two questions.  One is whether in fact

16   you are not litigating the width of riparian buffers in this

17   complaint.  Is that correct?

18                  MS. ATWOOD:  Yes, Your Honor.  That would be a

19   policy-level challenge.

20                  I have three points about the stream buffers and the

21   related issue of large woody debris.  One is that yes, you're

22   right, Your Honor, they are habitat.  In fact, that's exactly

23   what the service said in the preamble to the final special

24   rule.  I would encourage the Court to take a look at that,

25   because the special rule expressly contemplates logging and

1  removal of large woody debris and the loss of riparian canopy

2  cover.  So it is habitat.  As soon as it is removed, that

3  habitat has been impaired at the very least because it is

4  canopy cover, but it also is habitat, according to the National

5  Marine Fisheries Service, that will be very important for the

6  recovery of the species.

7          And then --

8          THE COURT:  So is that a method of take that you are

9  alleging or going to allege in an amended complaint?

10         MS. ATWOOD:  Yes, Your Honor.  We will make that very

11  clear in our amended complaint.

12         THE COURT:  It's not clear in the current complaint.

13  So I think in terms of being clear, you're going to want to

14  allege that one of the ways take or harm, harassment or

15  whatever occurs is -- if that's what you're going to do, this

16  method of take.

17         MS. ATWOOD:  I am going to do that, Your Honor.

18         THE COURT:  All right.  Thank you.

19         MS. ATWOOD:  And just one other point, if I may.

20         THE COURT:  Go ahead.

21         MS. ATWOOD:  We are alleging harm, and certainly

22  that's a central component of our take theory.  We also are

23  alleging harassment, which has a different definition, and the

24  courts have said where harm may not apply, even if you're going

25  to entertain that idea, then there's still the possibility that

1    it's harassment.

2         THE COURT:  All right.  I understand that.  I think

3    what the State is asking at the pleading stage that I agree

4    with is that there has to be a close and careful connection

5    between the things that you describe as harmful to fish and the

6    ways in which you allege the State is engaging in a violation

7    of the statute.

8         Sometimes you've alleged negative impacts without

9    connecting them up to theories of statutory violation.  So

10   those have to be carefully tied together.

11        Your next question?

12        MS. WESTON:  Yes, Your Honor.

13        The final component of our motion to dismiss was that

14   the Court dismiss the complaint to the extent it seeks to have

15   the Court order defendants to obtain an HCP/ITP on an

16   enforceable timeline.

17        THE COURT:  I don't read the complaint that way.  To

18   the degree that ever becomes what plaintiffs' theory is, I

19   agree with you that that is not something I have the power to

20   order the State to do.

21        MS. WESTON:  Thank you, Your Honor.

22        MS. ATWOOD:  May I just note one thing regarding

23   that, Your Honor?

24        THE COURT:  Yes.

25        MS. ATWOOD:  Many courts have ordered states to apply

1  for an ITP by a date certain, exercising their injunctive --

2  I'm sorry, their equitable authority.

3        THE COURT:  But that, of course, is at the relief

4  stage after victory, not something you're alleging in the

5  complaint, right?

6        MS. ATWOOD:  That's right.  I'm just pointing that

7  out.

8        THE COURT:  I understand that you think that the

9  equitable powers I have upon your ultimate victory may be

10  larger than what would be allowed at the complaint stage.  I'm

11  going to stick to the complaint stage now, and I agree that you

12  cannot seek via complaint for me to order the states to get an

13  ITP.

14        MS. ATWOOD:  And the complaint as currently drafted

15  does not ask for that.  I simply point out that some courts

16  have ordered state agencies to apply -- not necessarily obtain

17  but to apply for an ITP.

18        THE COURT:  Thank you.

19        Anything further from any defendant?

20        MR. WALDRON:  Your Honor, I just want to actually

21  thank you on behalf of Tillamook County for letting us know

22  your thinking as you go along.  Because there's going to be a

23  lot more motions, and this potentially has such a devastating

24  effect on the school system or the county, that the

25  commissioners need to plan as we go through this case for the

1    future.

2              THE COURT:  You're welcome.

3              So the reason that we've had this discussion, which

4    is different than most hearings where I just hear arguments and

5    rulings, is that we're trying to set out the parameters by

6    which an amended complaint doesn't result in just a second

7    round of the same arguments.  So I think it's useful to go

8    ahead and sort of work that out in advance.  Otherwise, you

9    know, we just do the same thing all over again, to everyone's

10   cost and detriment.

11             So I hope that we've given plaintiff some guidance by

12   which it could weave a path to craft a complaint that while it

13   will certainly face other challenges, will not face the same

14   ones all over again.

15             We'll be in recess.

16             THE CLERK:  Court is in recess.

17             (Proceedings concluded at 11:37 a.m.)

18

19

20

21

22

23

24

25

1

2                              --o0o--

3

4          I certify, by signing below, that the foregoing is a

5   correct transcript of the record of proceedings in the

6   above-entitled cause.  A transcript without an original

7   signature or conformed signature is not certified.

8

9

    /s/Bonita J. Shumway                  February 26, 2019
10  _____       _____
    BONITA J. SHUMWAY, CSR, RMR, CRR       DATE
11  Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**MR. GREENWALD: [1]** 3/17
**MR. STEEN: [2]** 3/11 21/7
**MR. WALDRON: [8]** 3/9 18/12 18/15 20/4 20/8 20/17 20/22 38/19
**MS. ATWOOD: [29]** 3/6 5/9 9/1 9/23 22/6 22/8 23/8 23/19 24/6 24/13 24/21 27/10 27/12 27/15 28/6 29/11 31/23 32/11 32/19 33/7 35/17 36/9 36/16 36/18 36/20 37/21 37/24 38/5 38/13
**MS. STALEY: [1]** 3/15
**MS. WESTON: [29]** 3/7 6/14 6/16 7/3 10/11 10/19 11/4 11/14 12/8 12/12 13/12 13/19 13/21 14/8 14/21 15/18 16/12 16/25 17/18 25/6 31/3 31/9 31/11 31/20 33/12 34/15 35/10 37/11 37/20
**THE CLERK: [2]** 3/2 39/15
**THE COURT: [65]**

**-**
**--o0o [1]** 40/2

**/**
**/s/Bonita [1]** 40/9

**1**
**100 [2]** 2/8 18/19
**1000 [1]** 2/22
**10:40 [1]** 3/2
**113 [3]** 29/9 29/11

29/23
**11374 [1]** 2/5
**11:37 [1]** 39/17
**12 [1]** 28/20
**1211 [1]** 2/16
**1600 [1]** 2/16
**17 [2]** 1/9 3/2

**2**
**200 acres [1]** 20/24
**2019 [3]** 1/9 3/2 40/9
**26 [1]** 40/9

**3**
**30 [1]** 20/24
**301 [1]** 2/22
**326-8188 [1]** 2/23
**3600 [1]** 2/13
**3:18-cv-01035-MO [1]** 1/7
**3:18-cv-1035-MO [1]** 3/4

**5**
**503 [1]** 2/23
**570 [1]** 18/19

**6**
**600 [1]** 2/13
**64 [2]** 29/3 29/7
**65 [1]** 22/13

**8**
**8188 [1]** 2/23

**9**
**97201 [1]** 2/9
**97204 [2]** 2/17 2/22
**97211 [1]** 2/5
**98101 [1]** 2/13

**A**
**a.m [2]** 3/2 39/17
**ability [1]** 26/7

**able [3]** 14/23 16/14 16/14
**about [42]**
**above [1]** 40/6
**above-entitled [1]** 40/6
**absence [1]** 25/1
**absolutely [1]** 8/17
**abstract [1]** 26/15
**accidents [1]** 20/15
**according [1]** 36/4
**account [2]** 31/19 31/22
**accurately [1]** 30/4
**acre [1]** 12/10
**acres [1]** 20/24
**activities [2]** 10/1 22/1
**activity [4]** 9/23 17/24 21/13 21/14
**actors [1]** 6/9
**actual [4]** 12/6 14/19 14/20 33/24
**actually [6]** 3/23 17/6 17/16 23/4 32/5 38/20
**ad [1]** 22/24
**add [1]** 18/13
**address [1]** 23/24
**adequate [2]** 26/17 30/14
**adequately [1]** 7/17
**adopt [1]** 7/16
**advance [1]** 39/8
**advances [1]** 27/4
**advancing [1]** 32/7
**aerial [2]** 29/9 29/22
**affect [4]** 12/15 12/17 12/18 14/7
**affecting [1]** 16/12
**affects [1]** 12/16
**after [3]** 5/19 11/23 38/4
**again [11]** 5/3 5/21 6/21 6/23 7/3 12/15

**again... [5]** 13/14 23/16 28/23 39/9 39/14

**against [4]** 4/22 7/7 26/20 33/4

**agencies [1]** 38/16

**agree [7]** 15/22 21/9 26/16 28/12 37/3 37/19 38/11

**agree that [1]** 21/9

**ahead [5]** 3/15 6/16 21/7 36/20 39/8

**Aiken's [1]** 9/4

**air [1]** 27/25

**al [2]** 3/4 3/5

**all [22]** 5/7 6/5 6/7 9/10 10/16 12/20 17/7 18/12 21/5 22/6 25/6 25/12 26/7 29/1 29/21 32/2 32/13 33/10 36/18 37/2 39/9 39/14

**allegation [2]** 21/13 33/24

**allegations [2]** 17/18 22/1

**allege [21]** 7/24 11/13 11/25 13/3 14/4 14/4 14/12 14/15 14/16 14/17 17/20 26/17 28/4 30/4 30/5 30/5 35/2 35/4 36/9 36/14 37/6

**alleged [5]** 16/4 23/15 26/9 28/1 37/8

**alleges [5]** 10/1 15/7 23/13 24/17 24/17

**alleging [7]** 21/11 23/18 33/21 36/9 36/21 36/23 38/4

**allow [5]** 7/25 15/8 26/19 26/21 33/3

**allowed [1]** 38/10

**allows [2]** 26/3 26/25

**almost [6]** 19/20 20/14 23/14 27/1 27/1 29/1

**alone [1]** 22/15

**along [1]** 38/22

**alongside [1]** 5/15

**already [6]** 16/20 23/21 24/9 30/21 31/19 32/4

**also [14]** 2/19 3/14 3/17 6/2 6/2 10/4 19/15 22/17 22/19 23/15 31/15 34/21 36/4 36/22

**although [3]** 6/21 7/17 13/25

**always [1]** 5/1

**am [5]** 14/8 28/10 32/20 33/9 36/17

**ambush [1]** 18/8

**amend [3]** 15/23 15/24 25/19

**amended [4]** 6/19 36/9 36/11 39/6

**Amendment [9]** 4/1 4/4 4/8 4/16 5/5 6/14 7/6 32/19 32/21

**amount [2]** 18/6 25/10

**Amy [2]** 2/4 3/7

**analysis [3]** 7/18 28/6 28/6

**analyzed [1]** 10/14

**annual [2]** 9/7 23/12

**answer [1]** 20/24

**answering [1]** 4/7

**answers [1]** 11/15

**any [11]** 5/16 7/1 13/3 17/16 26/12 29/11 31/19 31/23 33/3 33/20 38/19

**anybody [1]** 31/1

**anybody's [1]** 15/13

**anyone's [1]** 24/4

**anything [6]** 6/13 21/10

32/7 32/11 33/11 38/19

**anywhere [1]** 17/16

**apologize [1]** 29/13

**APPEARANCES [1]** 2/2

**application [1]** 30/8

**applied [3]** 10/25 11/1 11/2

**applies [1]** 31/6

**apply [6]** 30/9 30/15 36/24 37/25 38/16 38/17

**appreciate [1]** 6/17

**approach [17]** 7/9 7/11 7/16 8/10 8/16 8/19 8/21 10/8 20/17 23/6 23/19 23/23 25/24 26/17 26/24 27/14 27/23

**appropriate [2]** 4/22 32/15

**approved [1]** 10/2

**are [68]**

**are listed [1]** 14/14

**are located [1]** 12/1

**area [1]** 21/3

**areas [1]** 21/1

**aren't [6]** 15/1 28/12 30/2 30/2 32/7 32/8

**argument [17]** 1/22 7/7 7/9 19/18 19/20 19/25 27/10 28/8 28/11 28/14 29/25 32/21 33/15 33/16 33/25 35/1 35/6

**arguments [5]** 3/21 28/17 31/13 39/4 39/7

**as [41]**

**as-applied [2]** 10/25 11/1

**ask [4]** 27/13 31/25 35/6 38/15

**asked [1]** 18/14

# A

**asking [6]**  10/9 13/11
16/8 20/7 31/18 37/3
**aspects [1]**  32/1
**assign [1]**  27/17
**ASSOCIATIONS [1]**
1/4
**assumes [1]**  9/17
**Astoria [1]**  1/14
**at [36]**  4/15 6/23 6/24
7/23 8/9 9/4 9/21 9/25
10/3 12/23 14/14 14/24
15/20 16/22 16/25
17/15 18/18 20/3 22/12
23/1 23/2 23/13 24/18
26/6 29/1 29/3 29/10
29/23 31/24 32/2 35/24
36/3 37/3 38/3 38/10
39/17
**attempt [1]**  7/1
**attenuated [2]**  11/6
11/7
**attorney [1]**  19/13
**attributes [2]**  14/16
22/18
**Atwood [2]**  2/4 3/7
**authority [1]**  38/2
**Ave [1]**  2/22
**Avenue [1]**  2/16
**avoid [1]**  10/7
**avoided [1]**  8/4
**aware [2]**  32/13 33/9
**away [4]**  15/2 20/2 27/6
30/14
**awesome [1]**  33/9

# B

**back [5]**  12/3 16/24
33/14 35/12 35/14
**background [2]**  10/2
31/5

**backwards [1]**  12/3
**bad [2]**  7/13 7/22
**barred [2]**  7/2 31/25
**based [1]**  33/21
**basis [7]**  9/25 15/7
15/8 22/16 23/12 24/21
26/22
**be [51]**
**because [13]**  11/5 14/6
17/6 17/19 17/23 20/6
21/10 24/9 25/10 32/6
35/25 36/3 38/22
**because there's [1]**
20/6
**become [4]**  29/5 30/11
34/14 34/18
**becomes [1]**  37/18
**been [5]**  22/14 23/21
24/9 25/13 36/3
**before [6]**  1/24 3/20
15/2 24/6 27/6 31/15
**behalf [6]**  3/7 3/8 3/10
3/12 34/20 38/21
**behavior [1]**  4/20
**being [10]**  4/13 6/11
17/22 20/25 24/12
24/13 28/5 30/6 30/24
36/13
**believe [3]**  13/22 20/2
22/4
**below [1]**  40/4
**beneficial [2]**  11/18
11/20
**best [1]**  24/3
**better [1]**  20/24
**between [3]**  16/11 17/5
37/5
**BIOLOGICAL [3]**  1/3
2/4 3/4
**bird [1]**  18/1
**bit [3]**  5/11 19/9 21/15
**bluff [1]**  12/7

**body [2]**  19/13 19/13
**Bonita [3]**  2/21 40/9
40/10
**both [7]**  7/12 11/25
16/10 23/14 24/1 32/8
32/23
**Box [1]**  2/5
**brief [3]**  21/8 31/11
32/1
**briefed [1]**  7/18
**briefing [5]**  4/11 19/9
21/16 24/1 32/4
**bring [1]**  21/21
**brings [1]**  32/5
**Brown [2]**  24/24 24/25
**budget [1]**  19/2
**buffer [1]**  33/19
**buffers [14]**  6/5 28/15
28/16 28/18 28/19
28/23 28/23 28/25
30/18 33/15 34/4 34/8
35/16 35/20
**built [1]**  17/18
**bunch [1]**  18/2
**burden [2]**  17/17 17/18
**buries [1]**  14/25
**but [43]**

# C

**CAFFERATA [1]**  1/12
**California [1]**  21/18
**can [21]**  4/4 4/20 8/15
8/18 9/3 9/13 9/17 11/8
11/8 11/17 14/5 16/6
16/7 22/10 24/6 25/7
26/8 28/4 31/3 34/14
35/9
**can't [8]**  12/10 16/22
17/17 20/10 21/9 26/11
26/11 26/24
**cannot [1]**  38/12
**canopy [2]**  36/1 36/4

**capable [2]** 27/2 27/2
**capacity [4]** 1/9 1/11 1/12 1/14
**careful [1]** 37/4
**carefully [1]** 37/10
**CASCADIA [1]** 1/3
**case [33]** 1/7 3/3 3/24 4/1 4/9 5/8 9/5 10/21 11/5 13/17 18/3 18/3 18/11 21/15 21/17 21/25 22/16 22/22 24/25 24/25 25/3 26/16 27/4 27/7 28/13 28/20 30/9 30/13 32/13 34/7 34/10 34/22 38/25
**cases [7]** 4/5 22/23 30/3 30/9 30/16 32/22 33/4
**causal [1]** 12/3
**causation [8]** 10/1 11/6 14/4 16/3 16/11 23/13 23/25 33/24
**causational [3]** 28/24 28/25 29/6
**cause [6]** 13/18 14/5 15/11 20/15 22/3 40/6
**caused [1]** 8/12
**CENTER [4]** 1/3 2/4 3/4 21/17
**central [1]** 36/22
**certain [8]** 10/14 10/18 16/10 22/18 25/10 25/25 27/20 38/1
**certainly [6]** 4/12 8/10 15/12 34/8 36/21 39/13
**certified [1]** 40/7
**certify [1]** 40/4
**chain [10]** 9/25 11/6 11/7 11/12 12/3 14/3 16/11 23/13 23/25

33/24
**challenge [13]** 4/2 10/22 10/23 10/24 10/25 17/14 19/19 21/19 21/21 21/22 22/23 22/25 35/19
**challenged [1]** 29/9
**challenges [3]** 3/25 5/20 39/13
**challenging [1]** 16/1
**chance [1]** 29/10
**characteristics [1]** 12/19
**CHIEF [1]** 1/25
**cited [2]** 21/16 32/4
**Citing [1]** 31/10
**claim [17]** 7/12 7/17 14/11 16/9 17/21 21/24 27/17 27/19 28/1 28/6 28/6 30/5 33/20 33/25 34/2 34/14 34/23
**claim-by-claim [1]** 28/6
**claims [3]** 28/2 28/8 28/12
**clarification [1]** 27/13
**clarified [1]** 35/6
**clarify [1]** 34/6
**classic [1]** 30/24
**Clatsop [1]** 9/6
**clear [6]** 5/12 31/18 35/1 36/11 36/12 36/13
**clearly [1]** 18/1
**clients [2]** 18/24 20/11
**close [4]** 8/8 15/10 29/18 37/4
**COAST [1]** 1/4
**coho [15]** 5/24 12/23 13/8 17/6 17/7 17/16 19/3 20/1 21/12 21/18 22/4 22/20 22/20 30/12 30/19
**come [7]** 5/18 6/24 7/3

15/2 16/24 35/12 35/14
**comes [1]** 8/8
**coming [2]** 10/5 10/5
**comment [1]** 25/18
**commissioners [1]** 38/25
**complaint [72]**
**complaints [3]** 4/21 9/18 18/17
**completed [3]** 24/6 28/9 28/13
**completely [1]** 23/22
**complex [1]** 11/19
**component [2]** 36/22 37/13
**concerned [3]** 6/4 19/18 25/1
**concerns [1]** 6/10
**concluded [1]** 39/17
**condition [1]** 30/18
**conduct [4]** 4/6 4/7 11/9 11/9
**confess [2]** 7/17 8/18
**confident [1]** 9/3
**conformed [1]** 40/7
**connected [1]** 35/4
**connecting [1]** 37/9
**connection [2]** 17/4 37/4
**considered [1]** 24/22
**consistent [2]** 23/2 23/11
**construction [1]** 29/17
**contain [1]** 6/19
**contemplates [1]** 35/25
**contest [1]** 16/23
**context [2]** 25/2 32/21
**continue [1]** 35/8
**continuing [1]** 5/15
**contract [1]** 25/17
**contracts [1]** 25/9

**C**

**convenience** [1] 31/17
**convey** [2] 19/14 19/14
**correct** [2] 35/17 40/5
**cost** [1] 39/10
**could** [16] 6/1 6/24
9/25 13/3 13/9 19/21
19/22 20/14 21/4 21/9
25/16 25/19 28/1 32/25
33/14 39/12
**couldn't** [1] 24/18
**COUNCIL** [4] 1/18 2/12
3/13 24/24
**Counsel** [1] 3/6
**county** [12] 1/18 2/15
3/11 18/20 19/1 19/2
19/6 19/7 20/15 21/3
38/21 38/24
**couple** [1] 5/12
**course** [5] 3/22 4/21
10/14 27/15 38/3
**court** [36] 1/1 1/25 2/21
5/20 6/1 9/3 9/24 10/6
10/9 10/17 12/13 18/6
18/9 21/20 21/24 22/12
23/17 23/23 25/4 25/14
25/16 25/18 26/2 27/16
31/15 31/17 32/12
32/13 32/22 32/24 33/3
35/24 37/14 37/15
39/16 40/11
**Court's** [5] 6/17 6/22
27/7 33/5 34/25
**Courthouse** [1] 2/21
**courts** [4] 33/1 36/24
37/25 38/15
**cover** [2] 36/2 36/4
**covered** [1] 30/21
**craft** [1] 39/12
**create** [1] 33/17
**creates** [1] 11/19

**creating** [2] 34/1 34/11
**critical** [3] 12/23 14/24
31/16
**CRR** [2] 2/21 40/10
**CSR** [2] 2/21 40/10
**current** [1] 36/12
**currently** [4] 30/2 30/6
30/19 38/14
**curves** [1] 20/14
**cut** [1] 25/12
**cutting** [1] 17/25
**cv** [2] 1/7 3/4

**D**

**damaged** [2] 8/5 8/7
**DANIEL** [1] 1/13
**Darsee** [2] 2/7 3/16
**date** [2] 38/1 40/10
**DAUGHERTY** [2] 1/9
3/5
**day** [2] 33/7 34/18
**deal** [1] 24/2
**death** [2] 21/12 22/4
**debris** [4] 6/5 33/22
35/21 36/1
**decision** [3] 22/24 23/2
25/4
**decisions** [2] 23/1
23/12
**declaration** [1] 4/5
**declaratory** [2] 4/2 4/3
**defend** [1] 21/4
**defendant** [4] 2/11
2/15 26/3 38/19
**defendants** [15] 1/16
1/19 2/7 3/9 3/17 7/7
8/1 10/2 16/13 26/8
28/22 29/2 29/8 33/12
37/15
**defense** [6] 8/1 8/24
10/11 17/13 26/4 26/19
**defined** [2] 14/5 14/7

**definite** [5] 10/14 10/18
16/10 18/7 30/20
**definition** [3] 7/15
15/13 36/23
**degree** [2] 4/14 37/18
**deny** [6] 4/15 8/21
28/11 29/1 29/23 30/16
**Department** [1] 2/8
**depend** [1] 18/25
**describe** [1] 37/5
**describing** [1] 3/22
**describing what** [1]
3/22
**description** [1] 13/1
**detail** [2] 19/11 21/2
**determination** [1] 5/14
**determinations** [1]
5/21
**determined** [1] 5/19
**detriment** [1] 39/10
**devastating** [1] 38/23
**developed** [1] 21/23
**development** [1] 25/1
**did** [2] 15/6 22/12
**different** [2] 36/23 39/4
**differently** [2] 23/8
34/12
**difficult** [3] 12/24 17/2
23/22
**difficulty** [2] 12/14
22/15
**direct** [1] 17/4
**direction** [2] 22/12
23/16
**disagree** [2] 20/5 34/15
**disavowed** [2] 7/1
10/23
**disavows** [1] 4/14
**discern** [1] 16/14
**discovery** [2] 23/24
24/1
**discretion** [3] 18/6

# D

**discretion... [2]**  32/14
33/6
**discuss [1]**  32/23
**discussed [2]**  23/9
32/16
**discussing [1]**  4/19
**discussion [1]**  39/3
**dismiss [7]**  15/5 28/14
30/1 30/17 33/20 37/13
37/14
**dispute [1]**  35/9
**distance [3]**  13/7 13/18
14/7
**distinct [2]**  21/23 29/5
**DISTRICT [10]**  1/1 1/2
1/11 1/11 1/12 1/13
1/14 1/15 1/25 2/21
**disturbance [1]**  11/19
**DIVERSITY [3]**  1/3 2/4
3/4
**do [25]**  3/23 7/22 9/2
9/19 11/17 12/2 13/10
14/20 15/23 21/21
22/23 23/12 25/11 26/4
27/3 27/8 29/21 31/8
31/23 32/12 34/10
36/15 36/17 37/20 39/9
**doctrine [2]**  32/23 33/3
**document [1]**  31/15
**documents [9]**  30/24
30/25 31/13 31/19
31/23 32/4 32/6 32/7
32/9
**does [9]**  3/23 6/19 26/7
29/5 32/24 33/3 33/5
33/16 38/15
**doesn't [10]**  7/24 7/24
7/25 8/1 15/3 17/15
23/5 32/8 33/23 39/6
**doing [1]**  8/16

**don't [37]**  7/14 7/15
8/17 8/23 11/1 11/24
11/25 12/5 13/22 13/24
14/23 15/20 15/21
15/23 17/7 19/4 19/24
20/21 21/10 22/11 23/8
24/3 24/14 26/6 27/3
28/4 28/10 28/20 29/10
30/9 30/15 31/1 31/16
34/7 34/8 35/4 37/17
**done [5]**  19/10 19/11
26/11 26/11 26/24
**down [3]**  17/25 25/12
26/18
**drafted [1]**  38/14

# E

**each [3]**  17/20 27/17
28/1
**earlier [2]**  23/11 32/16
**effect [2]**  19/12 38/24
**effectively [1]**  11/1
**effects [1]**  16/21
**eggs [2]**  15/1 15/2
**element [1]**  31/2
**elements [3]**  14/11
17/20 17/21
**Eleventh [9]**  4/1 4/4 4/8
4/16 5/5 6/14 7/5 32/19
32/21
**eliminates [1]**  34/13
**else [3]**  7/19 26/2 32/19
**encourage [2]**  9/3
35/24
**end [5]**  3/22 5/8 11/12
22/13 25/19
**endangered [1]**  30/6
**ends [1]**  12/18
**enforceable [1]**  37/16
**engage [1]**  5/2
**engaging [3]**  5/13 23/3
37/6

**enjoin [2]**  13/21 18/10
**enough [19]**  8/13 8/23
10/20 12/22 12/24
15/10 15/15 15/17
15/18 15/18 16/2 16/6
16/9 16/10 20/17 20/18
20/20 25/1 27/4
**ensure [1]**  35/5
**ensured [1]**  22/19
**enters [1]**  35/5
**entertain [2]**  33/3
36/25
**entire [2]**  32/6 32/6
**entitled [1]**  40/6
**environmental [2]**
15/14 21/16
**EPIC [1]**  22/21
**equitable [5]**  32/14
32/24 33/6 38/2 38/9
**error [1]**  29/14
**ESA [2]**  18/3 32/23
**essentially [2]**  6/10
34/1
**establish [3]**  14/14
14/24 15/3
**established [1]**  13/17
**ESU [2]**  5/13 5/22
**et [2]**  3/4 3/5
**evading [1]**  27/2
**evaluate [1]**  27/10
**evaluation [1]**  27/2
**even [6]**  19/19 20/12
20/16 29/6 30/4 36/24
**ever [2]**  15/13 37/18
**every [2]**  21/2 23/25
**everyone's [1]**  39/9
**everything [1]**  25/4
**everywhere [1]**  19/7
**evidence [1]**  13/23
**evident [1]**  23/20
**Ex [2]**  32/23 33/2
**exactly [3]**  18/4 23/7

## E

**exactly... [1]** 35/22
**example [5]** 15/5 19/2 22/2 27/19 28/22
**except [2]** 31/1 33/4
**exception [2]** 4/5 4/8
**excuse [2]** 28/6 33/13
**exercising [1]** 38/1
**exist [2]** 14/22 34/24
**experience [1]** 24/24
**expert [5]** 13/3 13/16 13/17 13/25 24/1
**experts [1]** 23/24
**explained [1]** 6/2
**explanation [1]** 9/4
**explore [1]** 10/6
**express [1]** 33/1
**expressly [1]** 35/25
**extent [1]** 37/14

## F

**face [2]** 39/13 39/13
**fact [7]** 9/12 13/23 23/20 24/1 31/16 35/15 35/22
**factors [5]** 12/14 12/16 12/17 12/18 12/21
**facts [4]** 7/24 21/23 23/15 25/21
**factual [2]** 25/1 28/3
**fail [2]** 18/17 30/11
**failed [1]** 34/5
**failing [1]** 34/17
**fails [1]** 26/4
**failure [3]** 33/17 33/21 35/5
**fair [3]** 10/20 16/7 30/15
**fairly [1]** 33/23
**fallen [2]** 30/11 34/13
**falls [1]** 7/18

**fashioning [1]** 32/14
**feature [1]** 9/21
**features [4]** 8/11 13/6 27/20 30/1
**February [1]** 40/9
**federal [8]** 10/17 18/8 20/10 26/2 28/22 29/4 31/13 33/5
**FEDERATION [1]** 1/4
**feet [1]** 20/2
**felt [1]** 5/25
**Fifth [1]** 2/16
**figure [3]** 8/15 18/10 20/22
**filed [1]** 22/14
**filled [1]** 9/17
**filter [1]** 15/15
**final [2]** 35/23 37/13
**find [1]** 14/23
**fine [1]** 28/4
**first [5]** 4/1 8/25 9/9 22/9 35/12
**fish [6]** 1/5 14/19 14/21 14/22 14/23 37/5
**FISHERIES [3]** 1/5 5/13 36/5
**FISHERMEN'S [1]** 1/4
**five [1]** 27/24
**flaws [1]** 9/16
**flow [1]** 13/7
**flowing [1]** 16/20
**flows [1]** 11/13
**focuses [1]** 16/16
**focusing [1]** 16/3
**follow [1]** 21/8
**foregoing [1]** 40/4
**forest [10]** 1/13 1/18 2/11 3/12 18/19 18/23 18/25 19/19 23/9 29/20
**forester [5]** 1/10 1/11 1/13 1/14 20/25
**Forests [1]** 9/6

**form [3]** 4/25 13/16 23/14
**format [1]** 27/18
**formations [1]** 13/5
**forms [1]** 4/6
**forth [1]** 31/8
**four [1]** 23/24
**framework [1]** 28/3
**Fred [1]** 14/23
**free [1]** 32/9
**fresh [1]** 5/23
**front [1]** 32/10
**full [2]** 32/14 32/24
**function [1]** 34/1
**funds [1]** 19/1
**further [6]** 6/13 28/11 29/11 32/11 33/11 38/19
**future [13]** 3/24 4/7 4/20 4/24 5/4 24/11 27/9 30/14 32/8 33/17 33/18 34/1 39/1

## G

**gained [1]** 6/10
**gave [1]** 25/18
**general [4]** 8/3 9/12 17/13 34/19
**generality [2]** 7/23 8/10
**generally [1]** 28/20
**generic [1]** 27/23
**geographical [1]** 12/6
**geographically [1]** 29/4
**geological [2]** 13/5 13/5
**get [9]** 8/18 9/3 11/8 13/9 17/9 19/15 25/16 32/15 38/12
**gets [1]** 9/15
**give [2]** 3/19 8/1
**given [4]** 12/14 12/20

# G

**given... [2]**  24/24 39/11
**go [14]**  3/15 6/16 12/21 16/22 19/9 20/22 21/7 23/25 26/8 33/14 36/20 38/22 38/25 39/7
**goal [1]**  26/2
**going [30]**  7/2 7/3 8/6 9/9 9/24 12/21 13/25 14/12 14/15 14/17 15/25 21/2 22/2 22/3 22/12 22/24 23/1 23/2 23/17 25/17 26/9 32/5 35/13 36/9 36/13 36/15 36/17 36/24 38/11 38/22
**good [6]**  3/16 7/13 7/14 15/25 16/2 16/4
**GOODY [1]**  1/13
**got [3]**  19/11 30/5 30/8
**governed [1]**  21/19
**grant [4]**  25/2 26/20 29/7 29/21
**gravel [2]**  14/25 15/1
**greater [3]**  9/20 13/12 13/13
**Greenwald [2]**  2/19 3/18
**grounded [1]**  13/16
**group [3]**  27/24 28/4 29/5
**grouping [1]**  28/5
**Grove [1]**  1/13
**grow [1]**  34/17
**guess [6]**  6/18 7/12 11/15 13/9 13/11 34/3
**guidance [1]**  39/11
**guides [1]**  21/15

# H

**habitat [30]**  5/23 8/5
8/7 9/14 11/19 14/13 14/17 16/12 17/22 17/24 17/25 22/20 30/2 30/5 30/11 30/12 30/15 30/19 33/16 33/17 33/18 34/1 34/11 34/14 34/18 34/21 35/22 36/2 36/3 36/4
**had [6]**  5/19 14/2 21/17 29/10 33/20 39/3
**half [4]**  12/10 19/6 22/14 23/21
**happen [2]**  21/12 26/10
**happened [3]**  4/23 5/14 5/15
**happening [1]**  16/23
**happens [2]**  16/21 25/11
**happy [1]**  29/19
**harassment [5]**  23/15 27/21 36/14 36/23 37/1
**hard [1]**  8/18
**harm [16]**  4/24 5/3 5/4 11/13 15/7 15/11 16/24 23/15 24/18 24/20 27/20 28/2 28/3 36/14 36/21 36/24
**harmful [2]**  14/5 37/5
**harms [4]**  5/2 8/12 11/11 16/4
**harvest [4]**  11/23 12/22 21/22 25/11
**harvesting [2]**  9/22 21/20
**has [21]**  4/23 5/1 7/11 8/4 8/5 8/11 9/20 12/8 14/4 15/25 18/6 20/1 21/13 25/4 26/16 31/2 34/19 36/3 36/23 37/4 38/23
**hauled [1]**  25/13
**hauling [2]**  25/12 35/3

**have [52]**
**having [2]**  6/25 29/13
**HCP [1]**  37/15
**HCP/ITP [1]**  37/15
**he [2]**  23/7 23/9
**headwater [1]**  5/23
**hear [7]**  3/21 6/8 8/25 21/24 22/10 28/11 39/4
**heard [2]**  13/21 23/8
**hearing [1]**  23/5
**hearings [1]**  39/4
**helicopter [2]**  5/1 5/3
**help [2]**  17/9 31/3
**helpful [1]**  14/10
**her [1]**  1/10
**here [28]**  3/3 3/20 4/10 5/18 6/9 8/20 8/23 9/11 9/14 12/10 15/24 16/9 16/23 17/23 18/2 18/7 18/18 19/16 21/25 27/18 28/25 29/6 30/9 30/10 31/1 32/4 32/10 34/23
**high [2]**  7/23 8/9
**higher [1]**  22/19
**hillside [1]**  16/11
**his [3]**  1/9 1/12 1/13
**history [2]**  5/12 6/1
**hit [1]**  16/1
**hoc [1]**  22/24
**hold [1]**  27/8
**Honor [38]**  3/16 5/10 6/15 9/2 10/12 10/21 11/5 12/9 12/13 15/19 16/13 17/1 17/19 18/13 18/20 19/6 20/5 20/19 22/7 24/8 24/15 24/22 25/7 27/11 28/7 29/12 31/4 31/24 33/13 34/16 35/18 35/22 36/10 36/17 37/12 37/21 37/23 38/20

## H

**HONORABLE [1]** 1/24
**hope [1]** 39/11
**hornbook [1]** 6/25
**how [20]** 8/18 9/4 9/12
9/20 11/2 12/14 15/23
15/25 17/4 18/8 19/11
19/15 21/9 23/8 23/9
23/10 24/3 31/5 31/7
32/23
**humanly [1]** 26/13
**hundreds [2]** 19/8
20/13
**hydrologically [1]** 35/4
**hypothetical [1]** 17/2

## I

**I'd [2]** 30/13 30/25
**I'll [4]** 3/20 7/17 8/25
35/14
**I'm [18]** 8/19 9/2 9/9
16/8 19/14 19/17 20/7
20/25 21/7 23/5 24/14
32/4 32/9 34/3 35/13
38/2 38/6 38/10
**I've [3]** 15/13 25/23
30/22
**idea [4]** 30/1 30/4
30/18 36/25
**identified [5]** 12/8 13/7
14/19 14/20 34/23
**identify [5]** 13/11 14/13
22/18 27/16 27/24
**identifying [1]** 15/16
**if [32]** 4/2 4/25 5/18
6/18 6/21 10/6 14/25
16/16 17/3 20/2 20/6
20/7 21/1 22/11 24/16
24/16 25/18 26/2 26/10
26/11 26/13 27/24
29/10 30/11 31/22

32/15 32/25 33/14 35/6
36/15 36/19 36/24
**illustrates [1]** 29/20
**imagine [2]** 12/24 14/1
**imagining [1]** 12/14
**immaterial [2]** 28/19
29/6
**imminence [1]** 4/24
**imminent [5]** 5/3 5/4
16/24 24/17 24/20
**imminently [1]** 8/12
**impact [5]** 11/17 12/22
12/24 20/3 23/14
**impacts [1]** 37/8
**impaired [1]** 36/3
**impairment [1]** 5/22
**implementation [3]** 9/8
19/10 21/2
**implicated [1]** 16/15
**important [5]** 4/10 5/25
6/1 9/14 36/5
**impose [1]** 28/21
**impression [1]** 4/12
**improperly [1]** 7/23
**in [161]**
**include [3]** 22/12 25/20
27/18
**included [1]** 29/22
**including [1]** 5/19
**inconsistent [1]** 34/19
**inconvenience [1]**
29/13
**increase [2]** 10/2 11/22
**increases [1]** 16/19
**incredible [1]** 19/11
**incredibly [1]** 23/22
**individually [1]** 28/1
**INDUSTRIES [3]** 1/18
2/11 3/13
**information [2]** 10/9
21/16
**inherent [1]** 22/15

**injunction [7]** 32/15
**injunctions [1]** 33/1
**injunctive [5]** 4/20
24/12 24/18 24/19 38/1
**injures [1]** 14/18
**injury [2]** 21/12 22/3
**input [1]** 33/21
**instance [1]** 26/12
**instances [1]** 28/24
**instead [3]** 3/23 17/17
21/21
**INSTITUTE [1]** 1/5
**instructive [2]** 21/25
22/22
**integral [1]** 4/6
**intend [1]** 13/24
**intends [1]** 13/4
**interesting [1]** 30/8
**interpreted [1]** 34/20
**interpreting [1]** 29/15
**Intervenor [3]** 1/19
2/11 2/15
**Intervenor-Defendants**
**[1]** 1/19
**into [8]** 11/14 12/21
16/20 17/18 31/19
31/22 32/6 33/22
**introduce [1]** 3/14
**investigate [1]** 26/8
**involve [3]** 16/17 17/15
28/3
**involved [2]** 20/22
21/18
**involves [4]** 11/6 19/19
19/22 31/7
**involving [1]** 30/3
**Iqbal [5]** 7/19 7/25 8/14
10/15 15/13
**Iqbal/Twombly [4]** 7/19
7/25 10/15 15/13
**is [139]**
**isn't [8]** 15/4 17/12

**I**

**isn't... [6]**  17/25 18/8 19/9 19/25 24/11 29/25
**issue [9]**  6/13 6/14 6/21 18/18 33/15 33/19 34/6 35/8 35/21
**issued [1]**  33/1
**issues [1]**  6/4
**it [51]**
**it's [43]**
**ITP [4]**  37/15 38/1 38/13 38/17
**its [5]**  4/15 5/14 5/22 32/14 32/24
**itself [1]**  12/3

**J**

**January [2]**  1/9 3/2
**Jay [3]**  2/15 3/10 18/16
**JUDGE [3]**  1/25 9/4 24/25
**judgment [4]**  6/25 15/4 16/25 24/1
**judicial [5]**  30/23 30/24 30/25 31/2 32/5
**June [1]**  22/14
**jurisdiction [1]**  27/7
**just [46]**
**Justice [1]**  2/8

**K**

**KATHERINE [1]**  1/10
**keep [2]**  15/25 27/5
**Kilches [1]**  18/21
**kills [1]**  14/18
**kind [9]**  7/13 8/2 8/12 13/5 13/5 18/3 21/17 26/18 29/16
**know [37]**  4/25 5/1 5/16 8/4 9/4 9/20 11/8 11/16 11/25 12/5 12/6 13/4 13/8 13/24 14/12

14/23 15/20 15/21 15/23 18/2 18/7 18/24 18/25 19/19 19/22 19/24 20/3 20/21 20/23 22/11 23/8 27/24 29/10 31/16 33/8 38/21 39/9
**knowing [2]**  16/7 18/4
**knowledge [1]**  9/15
**knowledgeable [3]**  9/18 11/16 12/16
**known [1]**  8/12
**knows [1]**  18/21

**L**

**lacking [1]**  12/4
**land [3]**  12/20 19/23 29/10
**lands [1]**  29/18
**landscape [2]**  9/22 30/1
**landslide [12]**  12/3 12/18 12/19 12/20 12/21 12/22 13/19 16/12 17/5 19/2 19/5 20/3
**landslides [18]**  10/3 11/12 11/13 11/17 11/22 12/11 12/15 12/17 14/6 14/6 14/10 16/3 16/20 17/3 17/9 19/5 22/19 29/22
**large [8]**  6/5 23/9 26/11 26/14 33/22 35/5 35/21 36/1
**larger [2]**  18/19 38/10
**lastly [1]**  30/23
**lasts [1]**  12/24
**latter [1]**  27/22
**law [7]**  6/25 20/8 25/24 32/13 33/5 34/16 34/22
**lawyers [1]**  9/11
**lay [1]**  9/20

**layers [1]**  9/6
**least [2]**  9/21 36/3
**leave [2]**  4/12 31/8
**left [1]**  34/3
**legal [3]**  24/9 33/25 35/8
**lends [1]**  22/18
**less [4]**  4/10 11/20 15/16 25/16
**Let [2]**  3/19 35/12
**let's [3]**  11/11 15/5 17/11
**letting [1]**  38/21
**level [11]**  6/24 7/23 8/9 10/3 11/3 23/14 26/1 26/5 27/8 29/1 35/19
**liberal [1]**  20/10
**licensing [1]**  23/1
**life [1]**  12/23
**light [1]**  6/21
**lightly [1]**  10/21
**like [8]**  6/5 12/13 12/19 22/22 23/5 27/7 30/13 32/25
**likelihood [2]**  12/15 12/17
**limited [2]**  27/7 33/2
**limits [1]**  32/18
**link [2]**  16/2 23/25
**links [1]**  11/7
**listed [6]**  14/14 14/24 17/21 18/1 21/1 34/18
**listing [1]**  5/20
**litigate [5]**  22/16 24/6 24/20 25/3 27/6
**litigated [1]**  24/13
**litigating [4]**  34/4 34/7 34/9 35/16
**litigation [1]**  25/16
**little [5]**  5/11 17/2 18/13 19/9 21/15
**live [4]**  17/7 17/8 18/24

## L

**live... [1]** 34/10
**lives [1]** 18/1
**living [1]** 17/6
**LLP [1]** 2/12
**located [1]** 12/1
**location [3]** 12/25
12/25 17/5
**location-by-location**
**[1]** 12/25
**log [2]** 16/19 20/2
**logged [4]** 12/10 22/14
23/22 30/11
**logging [20]** 5/1 5/1 5/3
8/5 8/6 8/13 10/1 11/21
13/18 14/4 15/11 16/11
17/14 17/16 28/9 28/13
34/12 34/13 35/2 35/25
**logs [1]** 35/3
**long [3]** 12/24 27/23
33/7
**look [9]** 9/4 9/25 15/20
16/22 23/1 23/2 23/13
29/10 35/24
**looked [1]** 17/15
**looks [1]** 12/19
**loss [1]** 36/1
**lot [6]** 6/3 9/17 19/23
22/22 22/22 38/23
**loud [1]** 35/7

## M

**made [5]** 10/21 15/6
17/13 23/20 30/22
**magic [1]** 16/1
**magnitude [1]** 18/18
**maintain [1]** 25/23
**maintains [1]** 32/13
**maintenance [1]** 25/11
**major [1]** 18/21
**make [17]** 4/10 5/12

7/7 10/12 10/14 10/16
10/18 19/20 23/12 25/3
25/4 25/7 27/4 31/14
32/12 35/1 36/10
**making [8]** 3/22 5/14
5/20 19/18 22/24 23/2
31/13 32/21
**manage [1]** 23/23
**manageable [2]** 26/7
26/10
**manifestly [1]** 30/12
**many [8]** 4/21 4/21
18/22 19/23 19/23
20/21 20/21 37/25
**mapping [1]** 29/15
**March [2]** 25/18 25/19
**Marine [2]** 5/13 36/5
**mark [1]** 16/1
**marker [1]** 20/4
**Market [1]** 2/8
**material [1]** 14/14
**materials [1]** 31/14
**matter [1]** 34/16
**matters [1]** 3/20
**may [11]** 3/22 4/7
14/10 18/13 22/7 27/13
34/11 36/19 36/24
37/22 38/9
**maybe [1]** 5/7
**me [15]** 3/19 3/20 9/14
12/24 16/25 22/10 28/6
31/3 31/18 32/4 32/7
32/10 33/13 35/12
38/12
**mean [12]** 11/24 14/20
15/5 15/12 15/17 16/7
18/24 19/21 19/25 23/7
25/9 32/8
**meaningful [3]** 8/1
8/23 26/19
**means [3]** 12/5 13/12
13/14

**measures [1]** 31/6
**mechanism [1]** 35/4
**mechanisms [1]** 35/2
**meet [1]** 16/7
**merits [1]** 25/5
**method [2]** 36/8 36/16
**methods [1]** 29/17
**Miami [1]** 18/21
**MICHAEL [2]** 1/12 1/24
**might [3]** 13/18 15/11
34/17
**mile [1]** 20/3
**miles [4]** 18/19 18/19
19/8 20/13
**mind [1]** 27/5
**missing [3]** 9/19 19/16
22/4
**misunderstanding [1]**
14/8
**misunderstood [1]**
4/17
**MO [2]** 1/7 3/4
**modification [4]** 14/16
14/18 17/23 34/21
**modified [1]** 17/22
**moment [2]** 17/12
33/14
**moot [5]** 24/2 24/8 25/8
28/9 28/10
**mooted [1]** 24/13
**mootness [1]** 28/12
**more [12]** 5/11 7/19
8/22 10/8 10/14 10/18
15/4 18/7 30/20 31/17
32/9 38/23
**morning [1]** 3/16
**MOSMAN [1]** 1/24
**most [4]** 19/3 20/24
28/23 39/4
**motion [20]** 4/15 6/11
8/21 10/13 10/13 10/16
10/20 15/5 18/7 26/20

## M

**motion... [10]** 28/11 29/1 29/7 29/21 29/25 30/17 30/20 30/23 31/4 37/13
**motions [3]** 10/18 29/23 38/23
**mountainside [1]** 12/7
**moving [1]** 3/24
**Mr [3]** 2/12 2/15 2/19
**Mr. [6]** 20/23 21/7 21/9 22/9 22/21 23/6
**Mr. Steen [3]** 20/23 21/7 22/21
**Mr. Waldron [3]** 21/9 22/9 23/6
**Ms [3]** 2/4 2/7 2/7
**much [9]** 4/11 5/7 11/8 15/23 18/12 18/25 19/1 20/25 28/9
**multiple [3]** 5/14 5/19 24/17
**Multnomah [2]** 18/20 20/15
**must [1]** 14/4
**muster [1]** 16/9
**my [10]** 3/19 7/5 7/12 7/18 8/20 18/24 20/11 26/4 29/5 29/14
**myriad [1]** 5/17
**myself [1]** 9/11

## N

**name [1]** 3/6
**named [1]** 14/23
**narrows [1]** 26/18
**National [2]** 5/13 36/4
**NATIVE [1]** 1/5
**natural [1]** 11/18
**nature [1]** 14/15
**near [2]** 17/16 34/12

**necessarily [1]** 38/16
**necessary [3]** 6/21 7/16 21/23
**need [18]** 6/7 6/13 6/23 11/8 13/24 14/12 14/13 14/15 14/17 14/23 15/24 16/13 17/20 22/1 27/10 28/10 34/22 38/25
**needed [1]** 21/21
**needs [1]** 25/4
**negative [3]** 16/21 18/9 37/8
**negatively [2]** 16/12 20/3
**nervous [1]** 33/11
**never [1]** 15/13
**new [1]** 5/20
**news [4]** 7/13 7/13 7/14 7/22
**news-bad [1]** 7/13
**next [9]** 7/7 12/7 15/2 19/12 25/17 27/10 28/8 28/14 37/11
**no [5]** 1/7 3/3 19/15 31/21 32/2
**Noah [2]** 2/19 3/18
**normally [1]** 30/25
**Northwest [2]** 5/16 8/6
**not [62]**
**note [2]** 6/3 37/22
**nothing [7]** 5/5 10/23 15/7 25/13 25/24 26/2 27/22
**notice [6]** 30/23 30/24 30/25 31/2 32/5 33/23
**notwithstanding [1]** 32/16
**now [7]** 4/13 8/8 16/3 20/12 33/11 34/23 38/11
**number [8]** 11/7 12/14

12/16 12/17 12/18 25/9 27/6 27/25

## O

**o0o [1]** 40/2
**object [1]** 23/6
**objected [1]** 23/7
**objection [1]** 31/23
**obligated [1]** 9/19
**obstacle [1]** 23/18
**obstacles [1]** 27/5
**obtain [2]** 37/15 38/16
**obviously [3]** 18/6 19/6 35/8
**occupied [1]** 22/20
**occurring [4]** 11/9 14/16 17/24 17/24
**occurs [2]** 12/20 36/15
**off [1]** 24/23
**offer [1]** 6/13
**officers [1]** 33/4
**official [5]** 1/9 1/10 1/12 1/14 40/11
**OFIC [1]** 21/3
**okay [3]** 10/6 22/10 28/7
**on [75]**
**once [2]** 25/8 25/12
**one [28]** 3/23 4/10 4/12 7/8 7/10 8/10 9/6 9/7 9/16 11/11 11/16 15/17 17/21 19/24 19/25 20/14 25/7 27/19 28/18 30/14 33/22 34/7 35/11 35/15 35/21 36/14 36/19 37/22
**ones [1]** 39/14
**ongoing [2]** 5/22 10/2
**only [2]** 4/20 32/6
**operations [1]** 9/7
**operator [1]** 24/10
**opponent [1]** 35/13

**O**

**optimal [1]** 11/4
**option [1]** 24/23
**or [37]** 2/5 2/9 2/17
2/22 6/9 9/21 11/2 11/2
12/7 12/20 12/25 13/7
14/8 14/18 16/24 17/24
19/10 19/19 21/12 22/4
22/14 22/25 23/21
25/25 26/12 27/17
28/15 30/6 30/16 30/17
32/19 34/4 36/9 36/14
36/14 38/24 40/7
**oral [2]** 1/22 3/21
**order [8]** 7/11 7/16
24/20 25/4 25/14 37/15
37/20 38/12
**ordered [2]** 37/25
38/16
**OREGON [7]** 1/2 1/9
1/16 1/18 2/8 2/11 3/12
**original [1]** 40/6
**other [19]** 6/9 8/20 9/7
12/25 13/6 18/3 21/10
22/23 22/24 24/9 29/25
30/16 31/25 33/19
33/25 35/11 35/14
36/19 39/13
**others [2]** 3/14 30/4
**otherwise [3]** 6/9 29/23
39/8
**ought [1]** 28/18
**our [24]** 4/10 9/25 13/3
18/25 22/13 23/4 23/13
23/21 23/25 25/12
29/15 30/9 30/9 31/13
32/1 33/22 33/25 34/4
34/16 35/1 35/1 36/11
36/22 37/13
**out [17]** 4/8 5/11 5/25
8/15 9/20 18/10 20/22

22/11 22/17 25/13
25/17 27/25 35/7 38/7
38/15 39/5 39/8
**over [3]** 25/3 39/9
39/14
**over-litigate [1]** 25/3
**owls [1]** 30/3
**own [1]** 20/22
**ownership [1]** 24/10

**P**

**P.O [1]** 2/5
**PACIFIC [3]** 1/4 5/16
24/24
**page [2]** 10/13 10/16
**pair [1]** 28/17
**Palsgraf [1]** 19/16
**paper [1]** 9/15
**paragraph [5]** 29/3
29/7 29/9 29/10 29/23
**paragraphs [1]** 30/17
**parameters [1]** 39/5
**part [8]** 4/6 4/21 4/22
11/18 14/9 17/12 19/1
28/25
**parte [2]** 32/23 33/3
**particular [18]** 4/25
5/12 5/23 9/21 9/21
9/22 12/7 14/3 14/5
14/17 15/9 15/10 15/10
15/16 19/21 28/1 28/2
29/15
**particularity [1]** 15/12
**particularly [1]** 34/21
**parties [2]** 23/23 32/7
**parts [2]** 28/14 28/18
**pass [2]** 15/14 16/9
**past [7]** 4/6 4/19 4/23
5/1 5/4 5/8 8/6
**path [2]** 13/7 39/12
**per [1]** 7/15
**perhaps [2]** 10/8 18/3

**perilously [1]** 8/8
**period [3]** 11/23 14/25
26/12
**permanent [1]** 24/20
**permission [1]** 24/10
**perspective [1]** 18/14
**PETER [1]** 1/9
**photograph [1]** 29/9
**photographs [2]** 29/19
29/22
**PI [2]** 25/2 25/2
**pick [1]** 17/11
**piece [3]** 26/7 26/10
26/13
**place [1]** 26/21
**plaintiff [12]** 3/7 4/10
4/13 4/15 7/14 7/22 9/1
15/6 20/1 27/5 32/11
39/11
**plaintiffs [18]** 1/7 2/4
3/18 7/2 7/8 8/22 10/22
11/13 13/3 13/22 14/12
16/7 17/20 18/10 21/21
22/3 25/18 29/12
**plaintiffs' [5]** 4/18
10/25 11/20 33/24
37/18
**plan [9]** 9/7 9/8 10/4
19/10 19/10 21/2 29/4
32/1 38/25
**planned [1]** 9/5
**plans [1]** 21/19
**plead [4]** 7/8 8/15
13/23 13/23
**pleading [4]** 6/24 26/1
26/21 37/3
**pleadings [5]** 7/1 18/25
20/10 26/3 31/20
**please [1]** 3/6
**point [10]** 19/17 21/8
22/11 22/17 24/11
27/13 32/15 32/22

# P

**point... [2]** 36/19 38/15
**pointing [1]** 38/6
**points [2]** 29/15 35/20
**policy [2]** 22/25 35/19
**policy-level [1]** 35/19
**portion [1]** 31/19
**portions [2]** 31/23 32/3
**Portland [5]** 1/16 2/5
2/9 2/17 2/22
**position [7]** 4/18 11/21
15/19 23/5 25/8 25/12
34/17
**possibility [2]** 34/10
36/25
**possible [2]** 13/2 26/13
**post [1]** 17/17
**post-complaint [1]**
17/17
**potentially [5]** 13/9
17/3 17/8 31/25 38/23
**power [1]** 37/19
**powers [3]** 32/24 33/10
38/9
**preamble [1]** 35/23
**prefer [1]** 27/16
**prejudiced [1]** 18/4
**preliminary [1]** 24/19
**preparatory [1]** 25/10
**prepare [1]** 8/1
**presence [2]** 14/24
17/21
**present [6]** 2/19 12/23
16/18 16/23 17/17
30/18
**preserve [1]** 35/8
**prevent [1]** 24/12
**primary [1]** 5/21
**principal [1]** 26/23
**principle [2]** 30/16
34/15

**probably [4]** 18/20
20/23 25/16 26/13
**problem [3]** 24/19 27/3
29/20
**problems [1]** 10/8
**proceedings [3]** 1/23
39/17 40/5
**program [2]** 23/1 31/6
**programmatic [3]**
10/22 10/23 10/24
**prohibition [1]** 4/16
**prohibits [1]** 5/5
**proposed [1]** 25/20
**proposition [1]** 8/9
**prospective [1]** 33/4
**protect [2]** 33/18 34/17
**protected [1]** 30/2
**Protection [1]** 21/16
**protective [1]** 31/6
**prove [5]** 5/4 13/24
14/12 14/15 18/9
**provide [1]** 10/8
**proving [1]** 4/24
**proxies [1]** 26/15
**proxy [2]** 16/4 26/18
**public [1]** 25/18
**pull [2]** 5/25 32/9
**pulling [2]** 10/7 27/25
**purpose [1]** 6/2
**put [2]** 9/15 33/23
**puts [1]** 22/25

# Q

**question [8]** 4/7 24/15
26/19 33/19 34/3 35/11
35/14 37/11
**questions [2]** 18/14
35/15
**quite [1]** 27/1
**quote [1]** 21/22
**quoting [2]** 31/11
31/25

# R

**raise [2]** 6/20 6/23
**raises [1]** 35/15
**rapidly [1]** 27/4
**rate [2]** 10/3 11/22
**rather [3]** 22/24 26/25
27/17
**rationale [1]** 26/23
**read [6]** 5/18 16/14
18/17 28/21 32/25
37/17
**reader [3]** 9/18 11/17
12/16
**really [10]** 7/10 7/18
7/18 7/25 16/23 16/24
26/9 28/17 30/1 30/2
**reason [1]** 39/3
**reasonable [1]** 26/12
**reasonably [1]** 27/20
**reasons [1]** 33/20
**recess [2]** 39/15 39/16
**recitation [1]** 13/15
**recite [3]** 4/23 13/25
14/3
**record [3]** 31/17 32/6
40/5
**recovery [4]** 29/4 32/1
34/1 36/6
**reference [1]** 29/3
**references [1]** 29/4
**regard [1]** 19/21
**regarding [3]** 4/16
28/19 37/22
**regime [1]** 11/19
**regulation [1]** 34/21
**regulations [1]** 21/19
**regulatory [1]** 25/25
**reiterated [1]** 5/21
**rejected [1]** 21/20
**related [5]** 28/8 28/15
28/16 30/17 35/21

**R**

relatively [1] 11/16
relevant [2] 31/14 32/1
relied [2] 31/5 31/9
relief [15] 4/2 4/4 4/13
4/14 4/17 4/20 6/12
6/20 7/2 24/12 24/18
24/20 28/15 33/4 38/3
rely [1] 32/3
relying [2] 31/1 31/3
remarks [1] 3/22
removal [1] 36/1
remove [1] 29/19
removed [1] 36/2
replace [1] 29/19
replead [1] 8/22
repleading [1] 26/21
REPORTER [2] 2/21
40/11
represents [1] 22/15
request [1] 6/19
requested [1] 29/2
requesting [1] 28/15
require [9] 5/24 7/8
8/22 15/8 20/1 26/7
26/21 27/9 33/17
required [8] 8/2 8/17
11/4 11/4 12/12 20/8
26/1 26/6
requirement [2] 25/25
26/15
requirements [1] 28/22
requires [2] 8/21 25/24
reserve [2] 6/18 6/20
RESOURCES [1] 1/5
respect [3] 25/15 25/15
31/12
respond [3] 22/7 22/9
22/21
response [3] 11/1 21/6
34/5

restrain [1] 33/5
result [2] 27/20 39/6
resulted [1] 5/2
results [1] 11/22
retain [1] 32/24
retained [1] 13/17
retrospective [8] 4/2
4/3 4/13 4/14 4/17 6/12
6/20 7/1
reverse [1] 21/17
review [1] 27/3
right [22] 5/9 5/10 6/18
6/20 7/20 11/12 12/10
13/12 13/19 16/3 18/12
21/5 22/6 24/8 25/6
29/21 33/10 35/22
36/18 37/2 38/5 38/6
riparian [3] 34/8 35/16
36/1
risk [3] 12/11 16/19
22/19
rivers [2] 18/21 24/24
Rives [1] 2/12
RMR [2] 2/21 40/10
road [2] 25/11 29/17
roads [3] 17/10 31/7
35/3
robust [1] 31/6
room [2] 2/22 9/11
round [4] 5/11 25/17
25/20 39/7
rule [5] 6/3 7/15 28/19
35/24 35/25
rules [2] 5/18 31/7
ruling [5] 6/17 7/5
30/21 32/9 34/25
rulings [1] 39/5
run [1] 25/9
Ryan [2] 2/12 3/12

**S**

S.W [3] 2/8 2/16 2/22

said [12] 13/2 14/8
14/10 16/17 16/20
20/12 21/20 22/3 25/23
29/18 35/23 36/24
sale [53]
sale-by-sale [21] 7/9
7/11 7/16 8/10 8/16
8/19 8/21 10/8 12/25
20/17 21/10 22/16
23/19 23/23 25/24
26/17 26/22 26/24
27/14 28/6 30/21
sales [29] 9/5 9/12 10/4
10/7 11/25 15/20 16/15
16/17 16/18 16/22
20/24 22/13 22/14
22/18 23/21 24/2 24/5
24/12 24/17 25/8 25/17
25/20 26/17 27/6 27/17
27/18 27/19 27/24
29/16
salmon [13] 5/17 5/24
8/5 8/7 9/13 15/9 16/21
21/12 21/18 22/4 29/5
30/12 33/16
same [10] 10/13 10/16
19/18 19/20 24/19 28/2
28/3 39/7 39/9 39/13
Sarah [2] 2/7 3/8
satisfies [1] 16/10
satisfy [2] 8/14 15/12
satisfy Iqbal/Twombly
[1] 8/14
say [17] 3/21 4/19 4/25
8/19 13/3 13/21 13/25
15/8 15/24 16/6 17/2
17/13 19/5 19/22 20/1
27/19 35/7
saying [7] 5/8 15/17
19/2 20/14 24/5 24/7
24/8
says [7] 5/5 7/10 8/4

**says... [4]** 8/11 11/1 32/13 34/22
**school [2]** 19/1 38/24
**Schwabe [1]** 2/16
**scope [2]** 32/14 32/24
**score [2]** 7/21 8/3
**se [1]** 7/15
**Seattle [1]** 2/13
**second [2]** 6/19 39/6
**Section [15]** 7/11 14/11 17/21 22/23 30/3 30/5 30/14 33/16 33/18 33/21 33/25 34/2 34/14 34/20 34/23
**Section 9 [1]** 30/3
**sediment [1]** 14/25
**see [11]** 5/18 12/4 18/18 21/9 24/3 30/13 31/1 34/7 34/8 34/10 34/11
**seeing [2]** 8/18 17/1
**seek [6]** 4/20 7/1 7/8 24/19 28/24 38/12
**seeking [5]** 4/14 15/21 18/10 24/16 28/21
**seeks [3]** 24/18 28/14 37/14
**seems [1]** 24/25
**seen [1]** 15/13
**sense [1]** 6/11
**series [1]** 30/3
**seriously [1]** 24/23
**service [5]** 5/13 5/19 5/20 35/23 36/5
**services [1]** 34/20
**set [3]** 15/2 26/3 39/5
**seven [2]** 18/20 18/22
**several [3]** 3/25 9/6 28/18
**should [3]** 3/14 3/21

**shouldn't [1]** 18/9
**Shumway [3]** 2/21 40/9 40/10
**sides [2]** 7/12 32/8
**signature [2]** 40/7 40/7
**significant [2]** 12/22 14/18
**significantly [2]** 13/11 13/13
**signing [1]** 40/4
**simply [2]** 9/17 38/15
**since [2]** 8/17 8/22
**single [2]** 23/25 29/3
**sir [1]** 31/21
**sit [1]** 15/24
**site [2]** 21/22 21/22
**site-specific [1]** 21/22
**sites [1]** 8/7
**SKINNER [1]** 1/10
**slip [1]** 27/6
**slope [12]** 12/7 13/4 13/12 13/14 14/5 15/11 15/11 19/12 19/12 19/12 20/2 20/2
**slopes [13]** 11/21 11/24 12/1 12/5 16/19 17/4 17/14 19/7 19/8 19/23 20/21 31/8 35/3
**small [1]** 17/8
**so [62]**
**SOCIETY [1]** 1/6
**sold [6]** 9/5 22/15 23/21 24/3 24/9 25/9
**solicitor [1]** 34/19
**solve [1]** 24/19
**some [34]** 4/5 4/5 6/4 9/10 9/11 9/12 10/7 11/18 11/19 11/21 11/22 13/15 13/16 13/17 14/7 14/25 16/1 17/7 18/3 18/6 19/3

19/3 21/13 22/1 25/11 25/20 25/25 26/12 32/16 32/22 32/25 34/17 38/15 39/11
**somehow [3]** 4/17 6/25 20/9
**something [9]** 7/19 12/25 17/12 29/20 31/2 32/19 34/10 37/19 38/4
**sometimes [2]** 18/17 37/8
**somewhat [1]** 17/13
**soon [2]** 24/3 36/2
**sorry [3]** 21/7 24/14 38/2
**sort [23]** 4/5 4/17 4/23 6/25 7/10 8/8 8/13 12/2 12/21 14/5 15/12 15/14 17/25 22/23 25/25 27/1 27/2 27/3 27/6 30/8 31/5 31/7 39/8
**sorts [1]** 30/25
**sought [4]** 4/3 4/13 6/10 30/24
**sound [1]** 23/5
**special [3]** 6/3 35/23 35/25
**species [8]** 14/14 14/24 16/18 17/22 30/7 34/18 34/23 36/6
**specific [15]** 8/22 15/15 15/18 15/18 16/6 16/9 20/17 20/18 20/20 20/25 21/1 21/13 21/22 25/21 28/5
**specificity [18]** 7/25 8/2 9/20 11/3 11/8 12/4 12/11 13/12 13/13 20/6 20/8 21/11 26/1 26/5 26/16 26/18 26/25 27/9
**speculative [1]** 20/11
**square [4]** 18/19 18/19

## S

**square... [2]**  19/8 20/13
**stage [6]**  12/23 31/24
37/3 38/4 38/10 38/11
**Staley [2]**  2/7 3/17
**standard [1]**  20/10
**standards [3]**  10/15
26/1 31/7
**standing [2]**  30/10
30/12
**state [34]**  1/10 3/6 3/8
3/17 4/6 4/22 5/2 6/4
6/9 7/12 7/17 9/6 10/21
16/9 16/13 18/4 18/9
19/14 21/3 22/25 23/3
28/21 29/13 29/18
29/20 31/6 33/4 33/11
33/17 34/6 37/3 37/6
37/20 38/16
**State's [6]**  10/13 15/19
25/8 31/4 33/15 33/16
**statement [2]**  18/7
30/20
**states [5]**  1/1 1/25 2/21
37/25 38/12
**statute [1]**  37/7
**statutory [3]**  25/25
28/2 37/9
**Steen [5]**  2/12 3/12
20/23 21/7 22/21
**steep [13]**  11/21 11/24
11/25 12/5 13/12 13/14
15/11 16/19 17/14 19/7
19/8 31/8 35/3
**steepness [1]**  13/4
**step [1]**  4/23
**steps [1]**  18/2
**stick [1]**  38/11
**still [6]**  19/23 20/21
21/18 25/23 27/8 36/25
**Stoel [1]**  2/12

**stop [1]**  9/9
**story [3]**  28/24 28/25
29/6
**straight [1]**  4/1
**straight-up [1]**  4/1
**stream [30]**  6/5 12/7
12/23 13/7 13/8 14/3
14/22 15/9 15/10 15/10
15/16 17/5 17/6 17/6
17/16 20/1 20/4 26/6
26/6 28/15 28/16 28/17
28/19 28/22 28/23
28/24 30/17 33/14
33/19 35/20
**streams [15]**  5/23
11/14 11/18 13/19 14/7
16/20 17/7 17/8 18/22
19/3 19/23 20/21 33/22
34/12 35/5
**Street [2]**  2/8 2/13
**strike [7]**  28/18 29/1
29/7 29/22 29/24 29/25
30/17
**subjected [1]**  6/11
**such [4]**  12/1 13/8 17/1
38/23
**sufficient [2]**  7/24
15/17
**sufficiently [1]**  7/24
**suggest [1]**  9/24
**suggested [1]**  10/24
**suggesting [4]**  12/6
14/2 20/16 23/11
**suggestion [2]**  15/6
29/8
**Suite [2]**  2/13 2/16
**summary [4]**  6/24 15/4
16/25 24/1
**supplement [1]**  6/3
**support [1]**  23/15
**supports [1]**  23/4
**suppose [2]**  6/24 13/2

**supposed [1]**  18/8
**sure [10]**  8/19 9/2
10/12 10/16 25/3 27/4
31/4 31/14 32/12 35/1
**system [1]**  38/24

## T

**table [6]**  22/12 22/17
23/21 24/23 27/18
28/10
**take [20]**  4/15 5/7
11/11 15/5 16/22 26/21
30/25 31/18 31/22 32/5
34/2 34/23 35/2 35/5
35/12 35/24 36/8 36/14
36/16 36/22
**taken [1]**  24/23
**taking [1]**  30/14
**talk [2]**  22/23 35/13
**talking [14]**  11/9 14/10
14/13 17/4 18/5 19/24
20/11 20/13 29/16
29/17 31/15 32/18
32/20 34/22
**talks [1]**  6/3
**team [1]**  23/24
**tee [1]**  8/23
**tell [4]**  11/2 15/25
28/24 31/5
**telling [2]**  28/25 29/6
**ten [1]**  23/12
**ten-year [1]**  23/12
**tend [1]**  10/4
**tentative [5]**  3/19 3/20
7/12 8/20 8/25
**term [2]**  10/5 25/17
**terms [4]**  11/7 14/11
26/24 36/13
**terrain [8]**  8/13 12/6
26/8 26/10 26/10 26/13
26/18 29/16
**testify [1]**  13/4

**T**

**testimony [3]** 13/16 13/17 13/18

**than [11]** 7/19 8/20 12/25 15/4 15/16 18/19 21/10 22/24 25/16 38/10 39/4

**thank [14]** 6/7 7/4 10/10 18/12 21/5 22/6 25/6 25/22 28/7 35/10 36/18 37/21 38/18 38/21

**that [319]**

**that's [44]**

**their [19]** 9/14 10/4 10/25 13/23 13/23 13/25 16/8 16/15 17/18 19/1 19/1 19/1 24/2 25/19 29/9 30/18 34/5 38/1 38/2

**them [14]** 8/2 15/8 15/23 16/8 17/8 22/18 24/6 28/4 29/19 31/1 31/9 31/10 32/5 37/9

**themselves [1]** 3/14

**then [16]** 13/15 15/1 16/21 16/22 20/16 21/3 24/18 25/11 25/12 26/8 26/11 28/4 29/21 31/12 36/7 36/25

**theories [1]** 37/9

**theory [5]** 28/12 30/9 30/13 36/22 37/18

**there [31]** 3/25 4/4 4/7 4/8 4/9 8/18 9/3 9/6 9/9 13/9 14/14 14/14 15/1 15/9 17/9 18/20 18/21 18/21 18/22 18/24 19/7 20/2 21/1 21/13 23/10 28/12 29/3 29/8 29/14 30/20 37/4

**there's [17]** 5/5 8/6 8/23 13/8 18/2 19/3 19/15 19/16 20/6 25/10 25/13 25/23 27/22 28/17 30/23 36/25 38/22

**therefore [3]** 4/15 5/3 8/7

**these [13]** 3/22 5/2 8/6 8/11 9/12 13/6 22/14 22/18 23/10 23/12 27/19 29/15 35/5

**they [30]** 10/4 11/24 11/25 13/23 13/24 13/24 14/2 14/4 14/13 14/16 14/22 14/23 15/6 15/23 17/4 17/20 18/25 22/2 22/19 23/12 25/8 25/11 27/6 30/11 31/16 33/2 35/2 35/4 35/7 35/22

**they'd [1]** 13/10

**they're [18]** 3/20 11/9 14/13 14/15 14/17 15/21 17/19 19/7 19/24 20/24 20/25 21/11 24/3 24/7 24/8 24/8 30/18 32/21

**they've [3]** 16/20 17/13 24/9

**thin [1]** 27/25

**thing [2]** 37/22 39/9

**things [6]** 4/9 5/12 6/5 9/17 31/11 37/5

**think [52]**

**thinking [1]** 38/22

**Third [1]** 2/22

**this [76]**

**those [24]** 8/25 9/7 10/7 11/25 12/21 14/6 17/21 20/14 25/9 29/16 29/19 30/9 30/15 31/5

31/11 31/14 31/19 31/22 31/23 32/3 32/6 32/9 35/3 37/10

**thought [1]** 17/11

**thoughts [3]** 3/19 8/20 8/25

**thousands [2]** 18/22 19/3

**threat [2]** 5/22 5/22

**threatened [6]** 5/17 9/13 9/22 15/9 16/18 30/6

**threatening [1]** 9/14

**threats [2]** 5/15 5/17

**three [2]** 25/17 35/20

**three-year [1]** 25/17

**through [4]** 15/14 23/25 25/16 38/25

**throughout [1]** 5/14

**tie [1]** 21/11

**tied [1]** 37/10

**Tillamook [10]** 1/11 1/18 2/15 3/10 9/5 18/16 18/18 19/6 21/3 38/21

**timber [8]** 9/4 10/4 11/23 12/22 21/19 21/22 22/2 22/13

**time [11]** 5/21 5/21 8/18 11/6 11/23 14/15 14/25 15/1 24/4 24/19 26/12

**timeline [1]** 37/16

**times [2]** 5/15 5/19

**to strike [1]** 30/17

**today [5]** 3/3 31/20 32/8 32/10 32/17

**together [2]** 10/7 37/10

**too [3]** 17/8 26/11 26/13

**topics [1]** 32/16

**towards [5]** 3/24 3/24

**T**

**towards... [3]** 4/23 10/15 32/7

**transcript [3]** 1/23 40/5 40/6

**transferred [1]** 24/10

**tree [1]** 18/1

**trees [7]** 25/12 30/10 30/11 31/8 33/15 34/13 34/17

**trial [2]** 18/7 24/2

**tributaries [1]** 18/22

**trigger [2]** 8/11 8/12

**true [2]** 14/6 30/10

**trying [6]** 19/14 19/14 22/15 25/2 27/5 39/5

**Tuttle [3]** 21/17 22/22 23/4

**two [4]** 4/9 11/15 33/20 35/15

**Twombly [6]** 7/19 7/25 8/14 10/15 15/13 16/10

**type [3]** 9/22 20/6 20/7

**types [2]** 17/3 23/2

**U**

**U.S [1]** 34/19

**ultimate [2]** 26/2 38/9

**ultimately [1]** 22/3

**undefined [1]** 16/1

**under [9]** 7/10 7/19 7/25 28/19 30/2 30/5 30/14 30/21 32/23

**underneath [1]** 13/6

**understand [13]** 6/1 11/12 11/13 11/17 11/20 11/24 15/22 19/17 23/16 24/14 34/25 37/2 38/8

**understanding [5]** 9/10 9/11 9/12 29/14 33/2

**understood [1]** 17/3

**undertake [2]** 26/3 27/4

**undertaking [2]** 26/19 26/23

**unharvested [1]** 12/20

**UNITED [3]** 1/1 1/25 2/21

**University [1]** 2/13

**unless [2]** 4/17 6/9

**unlike [1]** 18/3

**unpopular [1]** 10/19

**unspecified [1]** 11/21

**until [2]** 16/1 25/19

**up [12]** 3/22 4/1 6/24 7/3 8/16 8/23 12/3 12/18 17/11 21/8 35/12 37/9

**upon [1]** 38/9

**upstream [1]** 22/20

**us [6]** 5/16 17/9 24/25 25/21 33/23 38/21

**use [3]** 24/3 26/15 28/5

**used [1]** 5/4

**useful [1]** 39/7

**using [1]** 26/17

**utilized [2]** 29/17 30/6

**V**

**variety [1]** 8/5

**various [4]** 9/13 16/4 23/10 32/25

**verify [1]** 29/14

**very [9]** 8/9 9/2 10/18 18/12 29/18 33/11 36/3 36/5 36/10

**via [1]** 38/12

**viable [1]** 34/14

**victory [2]** 38/4 38/9

**view [8]** 3/24 10/15 24/2 26/4 27/25 29/5 33/23 34/11

**views [1]** 7/12

**violate [1]** 4/4

**violating [1]** 33/5

**violation [4]** 33/18 33/21 37/6 37/9

**virtue [1]** 34/13

**W**

**WA [1]** 2/13

**Waldron [6]** 2/15 3/10 18/16 21/9 22/9 23/6

**want [13]** 3/21 10/12 10/15 12/2 15/23 25/3 27/3 28/3 28/5 32/12 35/1 36/13 38/20

**wanted [5]** 5/11 22/11 23/17 31/14 32/22

**wanting [1]** 33/20

**was [25]** 4/13 5/25 6/6 9/24 9/25 10/13 10/16 10/20 20/6 21/1 21/18 21/21 22/14 23/11 24/10 24/25 29/14 31/13 31/15 31/17 33/21 33/22 33/25 34/5 37/13

**washed [1]** 15/2

**wasn't [1]** 14/2

**water [3]** 5/23 19/13 19/13

**watershed [18]** 9/25 10/3 10/5 15/6 15/8 16/16 16/17 16/17 16/19 16/22 17/7 17/14 19/20 20/13 23/6 23/6 23/14 23/14

**watershed-by-watershed [1]** 23/6

**watershed-level [1]** 23/14

**watersheds [3]** 20/14 23/10 23/13

# W

**way [13]** 7/18 7/20 8/15 13/8 13/9 19/15 20/11 20/12 28/5 30/15 33/7 34/19 37/17

**ways [4]** 8/5 9/13 36/14 37/6

**we [59]**

**we'd [1]** 6/20

**we'll [2]** 15/25 39/15

**we're [15]** 3/3 10/13 10/16 10/17 15/24 16/3 17/25 18/4 23/1 23/1 29/16 29/17 29/19 33/7 39/5

**we've [4]** 24/23 32/16 39/3 39/11

**weave [1]** 39/12

**welcome [1]** 39/2

**well [18]** 6/23 11/1 11/15 13/10 13/20 13/22 15/24 20/20 22/9 23/9 23/20 24/7 24/16 25/23 31/9 33/7 33/9 34/8

**went [1]** 17/15

**were [7]** 4/3 5/15 17/4 22/19 29/15 29/18 31/15

**Weston [2]** 2/7 3/8

**what [60]**

**what's [5]** 9/19 15/16 16/2 18/18 26/9

**whatever [2]** 20/4 36/15

**when [11]** 4/20 15/20 16/18 16/21 18/17 19/2 19/5 19/10 19/11 32/14 32/15

**where [21]** 4/5 10/18 11/2 11/9 12/4 12/18 12/23 14/11 15/1 17/6 17/12 17/16 18/1 18/4 19/11 19/15 22/1 25/10 35/9 36/24 39/4

**whether [8]** 8/15 12/19 16/7 16/23 16/24 26/8 34/12 35/15

**which [25]** 8/10 9/13 10/7 10/14 11/18 11/20 11/25 15/20 15/21 16/15 16/17 19/24 20/21 21/12 23/11 30/21 30/25 32/5 33/22 34/11 36/23 37/6 39/3 39/6 39/12

**while [5]** 24/13 26/5 26/6 30/11 39/12

**who [3]** 5/16 15/17 19/15

**whole [5]** 19/6 19/19 19/20 19/21 24/11

**why [9]** 15/4 17/12 17/17 19/25 20/20 20/20 24/11 24/18 31/13

**width [4]** 34/4 34/8 34/9 35/16

**WILDLANDS [1]** 1/3

**will [20]** 4/19 8/7 8/11 8/13 8/17 14/7 15/8 15/8 20/3 21/11 26/21 27/4 27/5 32/3 32/3 35/8 36/5 36/10 39/13 39/13

**Williamson [1]** 2/16

**within [3]** 13/6 14/7 32/20

**without [6]** 8/16 8/19 16/6 17/1 37/8 40/6

**won't [1]** 6/23

**wood [1]** 35/5

**woods [1]** 25/13

**woody [4]** 6/5 33/22 35/21 36/1

**word [1]** 4/15

**words [2]** 22/24 24/9

**work [6]** 9/12 12/2 18/8 25/10 25/21 39/8

**would [33]** 4/4 4/12 6/2 6/18 7/8 8/20 8/22 9/3 10/6 10/6 10/7 15/12 17/9 17/9 19/25 20/23 21/23 22/17 23/6 23/22 24/12 25/20 27/9 27/16 27/17 30/13 31/24 32/25 34/13 35/6 35/18 35/24 38/10

**wouldn't [2]** 13/16 20/5

**write [1]** 16/8

**wrong [1]** 27/22

**Wyatt [1]** 2/16

# Y

**year [3]** 10/5 23/12 25/17

**years [2]** 5/14 25/9

**yes [14]** 5/10 18/15 20/9 20/18 21/3 22/8 24/7 27/12 29/12 35/18 35/21 36/10 37/12 37/24

**you [103]**

**you'd [2]** 19/20 21/10

**you'll [1]** 5/18

**you're [15]** 13/11 15/17 19/18 20/13 24/5 24/16 30/14 31/3 31/18 35/21 36/13 36/15 36/24 38/4 39/2

**you've [5]** 5/4 6/10 29/10 30/5 37/8

**Young [2]** 32/23 33/3

**your [55]**