ELLEN F. ROSENBLUM
Attorney General
SARAH WESTON #085083
DARSEE STALEY #873511
DEANNA J. CHANG #192202
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Sarah.Weston@doj.state.or.us
Darsee.Staley@doj.state.or.us
Deanna.J.Chang@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION

CENTER FOR BIOLOGICAL DIVERSITY; CASCADIA WILDLANDS; NATIVE FISH SOCIETY,

Plaintiffs,

v.

PETER DAUGHERTY, in his official capacity as Oregon State Forester; KATHERINE SKINNER, in her official capacity as District Forester for the Tillamook District; MICHAEL CAFFERATA, in his official capacity as District Forester for the Forest Grove District; DANIEL GOODY, in his official capacity as District Forester for the Astoria District,

Defendants.

Case No. 3:18-cv-01035-MO

DECLARATION OF LIZ DENT IN SUPPORT OF DEFENDANTS' MOTION FOR STAY

and

OREGON FOREST INDUSTRIES COUNCIL,

Intervenor-Defendant.

and

TILLAMOOK COUNTY,

Intervenor-Defendant.

I, LIZ DENT, do declare and say:

1. I am the State Forest Division Chief for the Oregon Department of Forestry (ODF). I make this declaration based on my personal knowledge and in support of Defendants' Motion for Stay.

2. The current COVID-19 pandemic has had a significant impact on ODF's capacity to respond effectively to this litigation.

a. On March 23, 2020, Governor Brown issued a stay at home order for Oregon. In response to the Governor's order, and in order to protect the health and safety of its employees and the public, ODF has closed its offices, with public access by appointment only. Most ODF staff are currently working remotely full-time or part-time. These health and safety measures are expected to continue at least until Governor Brown's stay at home order is lifted.

b. ODF's information technology professionals are working hard to support this abrupt transition to a near fully remote work environment. Inevitably, ODF has encountered technological and equipment issues associated with that transition, which is adversely impacting staff productivity.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

    c. For staff members with responsibility for dependents, the closure of schools and daycare facilities means that staff are juggling unanticipated needs for dependents which necessarily further impacts productivity.

d. ODF also recognizes the human reality that uncertainty and associated anxiety around the pandemic situation must be expected to impact productivity as a practical matter.

e. While ODF has not seen a significant increase in sick leave requests to date, in light of the pandemic, the agency must be prepared for that possibility.

3. ODF is an emergency response agency for Oregon. Since the onset of the COVID-19 crisis, ODF has assumed additional and unanticipated responsibilities in aiding Oregon's emergency planning and response.

a. Thanks to its longstanding wildfire emergency response obligations, ODF has substantial expertise in emergency management. Accordingly, Oregon Governor Kate Brown tasked ODF with a role in the statewide emergency management system. Functionally, the direct impact has been that, since the state of emergency was declared on March 8, 2020, ODF staff are being redirected to Incident Management Teams of 15 to 20 members in two-week rotations to assist the Oregon Health Authority and other state agencies set up incident command centers. In particular, ODF's Incident Management Teams have been working to establish the governance and organizational structure for establishing strategies and implementing actions to:

i. Provide for the safety of the public, vulnerable populations, first responders and health care providers.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

    ii. Ensure Oregon's health care system is prepared and has the capacity to care for the wellbeing of those impacted by COVID-19.

iii. Ensure mass care and human services is prepared and has the capacity to care for the wellbeing of those impacted by COVID-19.

iv. Minimize the impact and spread of COVID-19 to the people of Oregon.

v. Coordinated, aligned and efficient emergency response to COVID-19 across all levels of government and sectors.

vi. Ensure transparent, accurate and consistent culturally responsive communication to the people of Oregon.

b. While ODF Incident Management Team members are aiding the COVID-19 response, their day-to-day ODF responsibilities must be covered by other staff members. Staff that are either directly involved in responding to this litigation, or Division Leadership that set the direction for these staff, are on Incident Management Team rotations and/or required to cover for other staff who are on such rotations.

4. ODF will shortly commence its planning process for the 2020 fire season. Under the current circumstances ODF has significant concern that this fire season will impose unique and crucial constraints on ODF's resources due to modifications necessitated by the COVID-19 pandemic.

a. ODF is charged with coordinating and conducting Oregon's wildland firefighting on state lands. Wildland firefighting is seasonal in nature. More resources are needed during peak fire season. ODF uses a "militia" approach, drawing employees with specialized skills from across the agency, particularly to help with the few fires that grow large and highly demanding. The agency relies on a mix of permanent Fire Protection

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

division staff, seasonally-hired firefighters, and staff temporarily reassigned from the agency's other divisions: State Forests, Private Forests and Agency Adminstration. All agency staff, regardless of their position, are encouraged to train and become qualified in firefighting or support roles. More than half of the Incident Managerment Teams that respond to the large wildfires on lands protected by ODF are drawn from divisions other than Fire Protection. Each year during fire season, typically from June to October, Incident Management Teams are activated as needed, and members' normal ODF responsibilities must be covered by other ODF staff. As fire seasons have grown longer and more intense in recent years, fire season has drawn more and more heavily on ODF resources.

b. Due to the COVID-19 pandemic, ODF anticipates that the 2020 fire season will require more time and resources to design processes and training protocols for its own Incident Management Teams as well as seasonal firefighters. Typically fire camps are close quarters. ODF must meet the challenge of wildfire control efforts while maintaining social distancing and personal protective measures necessary to protect firefighters' and the public's health and safety.

5. ODF staff members involved in responding to this litigation also have been involved in ODF's ongoing effort to produce a multi-species Habitat Conservation Plan (HCP) for the State Forests involved in this litigation, in an effort to secure an Incidental Take Permit (ITP) from the NOAA Fisheries and the US Fish and Wildlife Service (the Services). ODF has invested heavily in the HCP project by dedicating significant financial resources and staff to the project and hiring environmental consulting firms, facilitators and moderators. Clear direction from the Oregon Board of Forestry (Board), the body that set policy for ODF, has established the HCP as a priority which was affirmed by the Governor.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

a. The HCP effort dates back to at least 2013 when the Board directed ODF staff to explore options for revising the Forest Management Plan and ESA compliance. This work was paused in 2016 and 2017 when a diversion of effort was required to defend a lawsuit brought by a class of Oregon counties demanding compensation from ODF for allegedly not selling enough timber sales and that ODFs timber sales and practices were too protective of natural resources. *See County of Linn v. State of Oregon and State Forestry Department*, Linn County Case No. 16CV07708.

b. Beginning in November of 2017, the Board approved the formal initiation of an HCP process starting with evaluation of whether seeking an HCP/ITP was in the best interests of the State of Oregon. ODF obtained a grant from the Fish and Wildlife Service to create a $1 million fund for a study to answer that question. A copy of the *Phase 1: Initiation and Scoping Business Case Analysis* is publicly available on ODF's HCP website, https://www.oregon.gov/odf/AboutODF/Pages/HCP-initiative.aspx (HCP website).

c. The Board reviewed the Phase 1 report at its meeting in November of 2018. At that time, the Board directed ODF to proceed to "Phase 2." Phase 2 encompasses "strategy development," that is, working with the Services to develop a draft HCP, and to begin work to prepare for the National Environmental Policy Act (NEPA) review required after an HCP is submitted to the Services for approval. ODF obtained a second grant Fish and Wildlife Service generating $1 million for part of this Phase 2 work.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

d. Progress on Phase 2 is documented on the HCP website, where the public can access, among other things, current timelines, and agendas and summaries for all meetings with the Services.

e. The Board has supported the progress on Phase 2 by reaffirming its direction to ODF to implement the Phase 2 work plan, which includes Pre-NEPA tasks, in March, April and November of 2019.

f. ODF has retained and is working with professional facilitators who assist with coordination and discussions among the various agencies. ODF has also retained and is working with environmental consultants in the preparation of the written materials and analysis necessary to support submission of an HCP to the Services

g. Work on Phase 2 is driven by two primary teams, the Scoping Team and the Steering Committee. These teams meet regularly (agendas and meeting summaries are posted to the HCP website).

i. The Scoping Team comprises technical experts from ODF, the Oregon Department of Fish and Wildlife, the Oregon Department of Environmental Quality, the Oregon Department of State Lands, the Services, and Oregon State University. The Scoping Team's charge is to collaborate on development of conservation strategies for consideration in a potential HCP.

ii. The Steering Committee provides policy direction for issues that go beyond science and require policy decisions. Membership on the Steering Committee involves agency leadership from ODF, the Oregon Department of Fish and Wildlife, the Oregon Department of Environmental Quality, the Oregon Department of State Lands, the Services, and Oregon State University.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

  h. The Steering Committee has reached certain agreements that signal its commitment to moving forward, including designating NOAA Fisheries (the listing agency for Coho) as the lead service for NEPA review and has retained a NEPA consultant.

i. The Steering Committee is moving forward with pre-NEPA tasks to move through NEPA as efficiently as possible, if the Board approves submission of the HCP to the Services in October of 2020 on the current timeline. Some of the pre-NEPA tasks are:

   i. Drafting statements of purpose and need, an introductory chapter, and summaries of proposed actions and alternatives

   ii. Defining environmental analysis

   iii. Identifying and collecting relevant background information

   iv. Identifying federal and state Cooperating Agencies and designating Points of Contact

   v. Engaging Cooperating Agencies

j. The HCP process includes public engagement, which is currently ramping up (virtually, of course, in light of the stay at home order).

   i. ODF has held informational meetings to give the public, stakeholders, department staff and consultants opportunities to share concerns and ideas for improvement. These meetings were held in March, April, June and October of 2019, and in March of 2020 (virtually). Agendas and meeting summaries are available on the HCP website.

   ii. Additional public engagement is expected (virtually) in the months ahead.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

      k. Currently, ODF is on track to produce a first administrative draft HCP (the version that would be submitted to the Services) before the end of the summer of 2020, to be presented to the Board at their October 2020 meeting. At that time, the Board will have the opportunity to make a decision about whether to proceed to "Phase 3."

l. If the Board approves the draft HCP, the process will proceed to Phase 3 wherein the draft HCP is submitted to the Services for NEPA review. The length of the NEPA review process is not within ODF's control. However, ODF estimates that NEPA review and the federal approval process can be completed in 12 to 18 months absent unforeseen constraints on the Services from the COVID-19 crisis or other factors. If the Services approve the HCP, the approval will include issuance of an ITP for the State Forests at issue in this litigation.

m. Although, as noted above, ODF has retained consultants, the HCP project demands substantial time from ODF staff, some of whom, in addition to their regular duties, have been devoting extensive amounts of time to responding to the demands of this litigation. I am convinced that meeting the HCP completion deadlines will become increasingly unrealistic if ODF must continue to prioritize its staff resources to ongoing litigation over the next 5-6 months.

6. In response to the present litigation, ODF staff have invested and continue to invest substantial efforts in assisting in responses to written and document discovery, preparing expert reports, reviewing discovery from plaintiffs, reviewing expert reports, and assisting in the preparation of rebuttal expert reports and other work product to aid the trial preparation effort. These ongoing burdens on staff take time away from the HCP effort.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

7. ODF lacks the capacity to pursue the HCP process with the same level of intensity and commitment to forward progress, fulfill its COVID-19 duties, and maintain the required level of fire response capability while defending this litigation. ODF personnel are already serving in multiple functions and the strain can be alleviated to some extent with a stay of the litigation. As a result, ODF seeks a stay of sufficient time to allow ODF to make further progress toward submission of the draft HCP to the Board of Forestry for approval, allow ODF to prepare for and respond to forest fires, and use its specialized emergency command knowledge to assist the state in responding to the current health emergency.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

EXECUTED on April 10, 2020.

*s/ Liz Dent*
LIZ DENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000