AMY R. ATWOOD (OSB #060407)
atwood@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
225 N. Killingsworth Street
Portland, OR 97217
(971) 717-6401

*Lead Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, CASCADIA WILDLANDS, and NATIVE FISH SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>NANCY HIRSCH, KATHERINE SKINNER, MICHAEL CAFFERATA, and DANIEL GOODY, in their official capacities,<br><br>Defendants,<br><br>and<br><br>OREGON FOREST INDUSTRIES COUNCIL and TILLAMOOK COUNTY,<br><br>Defendant-Intervenors. | Case No: 3:18-cv-01035-MO<br><br>**PLAINTIFFS OPPOSED MOTION FOR LEAVE TO MOVE FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiffs hereby move for leave to move for partial summary judgment. In compliance with LR 7-1(a), the parties made a good faith effort through conferences to resolve the dispute but were unable to do so. The positions of the State Defendants and Defendant-Intervenors are set forth in the footnote below.[1]

The reasons for this motion are as follows:

1. Following the Court's ruling on the Defendants' Motion to Dismiss, ECF No. 51, Plaintiffs (the Center for Biological Diversity, Cascadia Wildlands, and Native Fish Society) filed their First Amended Complaint on May 27, 2019. ECF No. 61.

2. On July 11, 2019, State Defendants (Nancy Hirsch, Katherine Skinner, Michael Cafferata, and Daniel Goody, Oregon State forestry department officials sued in their official capacities), and Defendant-Intervenors Oregon Forest Industries Council ("OFIC") and Tillamook County, filed answers to Plaintiffs' First Amended Complaint. ECF No. 63-65.

3. On August 2, 2019, the parties filed an amended Rule 26(f) Conference Report and Proposed Discovery Plan, ECF No. 66, which the Court adopted by Order dated August 18, 2019. ECF No. 67.

4. Through the remainder of 2019, the parties exchanged written discovery.

---

[1] State Defendants: Defendants object to the motion, and to any requirement that defendants respond to the motion, as premature during the stay and until the court has an opportunity to rule on defendants' Motion to Extend the Stay.

Defendant-Intervenors: Intervenor-Defendants object to the motion for the same reasons as the State Defendants, and because discovery is not yet complete. Plaintiffs and the State Defendants have served opening expert disclosures and reports, but unresolved issues remain concerning the scope and extent of Plaintiffs' expert reports (*see* ECF No. 75), and the parties have not yet had the opportunity to serve their rebuttal expert disclosures and reports or to complete the fact and expert discovery processes. As a result, allowing Plaintiffs leave to seek summary judgment would be prejudicial to Defendants and would not advance judicial economy or efficiency.

5. On December 3, 2019, Plaintiffs served their written expert reports on State Defendants and Defendant-Intervenors. State Defendants served their non-retained expert disclosures that same day. State Defendants did not serve any written expert reports. Defendant-Intervenors did not serve any expert reports or disclosures.

6. The parties continued written and expert discovery during early 2020.

7. On April 9, 2020, State Defendants filed a motion to strike Plaintiffs' Expert Reports. ECF No. 75.

8. On April 13, 2020, State Defendants filed a motion to stay all proceedings through October 30, 2020, due to the emerging COVID-19 pandemic. ECF No. 78.

9. Defendant-Intervenors OFIC and Tillamook County responded to the State Defendants' motion to stay, and suggested as an alternative a stay that would expire in 90 days. ECF No. 79.

10. Plaintiffs filed a Motion to Set Aside Discovery Deadlines for 90 days on April 16, 2020. ECF No. 82.

11. On April 17, 2020, Plaintiffs filed their response in opposition to the State Defendants' motion to stay. ECF No. 87.

12. On April 20, 2020, the Court conducted a telephonic hearing on the Defendants' motion to stay. ECF No. 88. The Court granted State Defendants' stay motion the same day. *Id*.

13. On September 16, 2020, State Defendants moved to extend the first stay by an additional 60 days, due to the emerging wildfires crisis in Oregon. ECF No. 92. Plaintiffs and Defendant-Intervenors did not oppose this request. *Id*. The Court granted the State Defendants' motion on October 1, 2020. ECF No. 94.

14. Following conferral between the parties, State Defendants moved for a stay a third time, on December 7, 2020. ECF No. 95. Plaintiffs did not oppose this motion "based on the proposed stay's automatic expiration" on July 15, 2021, and "the State Defendants' agreement to drop two timber sales from the 2021 Tillamook ODF District Annual Operations Plan, known as Coast Bill and Thundercat, that were of concern to Plaintiffs." *Id*. at 2 n.1.

15. Following a telephonic status hearing, the Court granted the State Defendants third station on December 15, 2020. ECF No. 98.

16. On June 17, 2021, State Defendants filed their Defendants' Motion to Extend the Stay of Litigation Pending Completion of the HCP Process." ECF No. 99. In this motion, State Defendants requested a stay of indefinite duration, i.e., "until such time as the Western Oregon State Forests Habitat Conservation Plan (HCP) process . . . is completed." *Id*. at 2. State Defendants represented that the HCP process is "now reaching its final stages."

17. Plaintiffs filed their response in opposition to State Defendants' 4th Stay Motion on July 7, 2021. ECF No. 109. Plaintiffs explained that in fact, the HCP process State Defendants are referring to is not "reaching its final stages," but has many additional, major steps to complete that will likely take several more years. *Id*. Ultimately, Plaintiffs explained, the timing of the HCP Process and whether it will result in the State Defendants completing a final HCP and receive an Incidental Take Permit—the operative legal permission to conduct the activities at issue—is still unknown at this time. *Id*.

18. Rather than imposing an stay of indefinite duration of all proceedings in this matter, Plaintiffs hereby move the Court to lift the stay, in part, and allow Plaintiffs to move for partial summary judgment on the issue of the State Defendants' liability for violations of the

Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a)(1)(B), 1538(a)(1)(G), and the federal regulation governing take of Oregon Coast coho salmon, 50 C.F.R. § 223.223(a).

19. Plaintiffs' motion for partial summary judgment, being lodged with this motion along with the declarations and exhibits in support, requests the Court address the issue of liability at this time. Plaintiffs believe the issue of the State Defendants' liability may be decided based on the record developed thus far, including initial disclosures and written discovery exchanged by the parties.

20. In addition, rather than decide Plaintiffs' entitlement to and scope of injunctive relief at this time, Plaintiffs request the Court to Order: (1) Plaintiffs and State Defendants, within 90 days, to file a joint stipulation and proposed order with the conservation measures to protect Oregon Coast coho salmon from incidental take until State Defendants obtain an ITP under Section 10 of the ESA. 16 U.S.C. § 1539(a)(1)(B); *id*. § 1539(a)(2); or (2) the parties to submit to the Court, within 90 days, joint stipulations and/or motion(s) for proposed further proceedings in this matter, including proposed schedule(s) for any additional written or expert discovery or other motions.

21. The Court should grant this motion and enter Plaintiffs' Motion for Partial Summary Judgment into the docket and set deadlines for the parties to submit briefs on Plaintiffs' summary-judgment motion pursuant to LR 7-1(f).

22. Proceeding as Plaintiffs request will advance judicial economy and efficiency. Because all other deadlines will remain stayed, including written and expert discovery and the State Defendants' pending discovery motion, ECF No. 75, any impact to State Defendants from a complete resumption of all proceedings would be mitigated. In addition, because Plaintiffs believe the issue of State Defendants' liability is ripe for disposition at this time, the remaining

issues will narrowed further, and likely concern the matter of the proper scope of interim injunctive relief. Should the Court determine that there are material facts regarding liability in dispute, in deciding Plaintiffs' summary-judgment motion, it may nevertheless dispose of some material facts, thereby narrowing the facts remaining in genuine dispute.

23. Hence, allowing Plaintiffs to proceed to move for partial summary judgment will likely narrow the scope of issues remaining in dispute, resolving the issue of liability and/or facilitating the scheduling of further proceedings, whether through additional targeted discovery, additional summary-judgment motions, other motions, or a trial of more limited scope, to ultimately move toward a complete disposition of this matter.

DATED: July 14, 2021

Respectfully submitted,

*s/ Amy R. Atwood*
Amy R. Atwood (OSB #060407)
atwood@biologicaldiversity.org
Tel: (971) 717-6401
225 N. Killingsworth St.
Portland, OR 97217
CENTER FOR BIOLOGICAL DIVERSITY

Oliver J. H. Stiefel (OSB# 135436)
oliver@crag.org
Tel: (503) 227-2212
3141 E. Burnside St.
Portland, OR 97214
CRAG LAW CENTER

Maura C. Fahey (OSB #133549)
maura@crag.org
Tel: (503) 525-2722
3141 E. Burnside St.
Portland, OR 97214
CRAG LAW CENTER

*Attorneys for All Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2021, I filed the foregoing Plaintiffs' Opposed Motion for Leave to Move for Partial Summary Judgment and Proposed Order using the Court's ECF system, which will cause this filing to be served on the following counsel for State Defendants and Defendant-Intervenors:

Attorneys for Defendants
Darsee Staley, darsee.staley@doj.state.or.us
Deanna J. Chang, deanna.j.chang@doj.state.or.us
OREGON DEPARTMENT OF JUSTICE

Attorneys for Defendant-Intervenors Oregon Forest Industries Council
Kirk B. Maag, kirk.maag@stoel.com
Crystal S. Chase, crystal.chase@stoel.com
Ryan P. Steen, rpsteen@stoel.com
STOEL RIVES LLP

Attorneys for Defendant-Intervenors Tillamook County
Jessica Schuh, jschuh@schwabe.com
Jay T. Waldron, jwaldron@schwabe.com
SCHWABE, WILLIAMSON & WYATT

Dated this 14th day of July, 2021

*/s Amy R. Atwood*
Amy R. Atwood